504 F.2d 396
 Clarence A. MOWER, Appellant,
v.
Samuel J. BRITTON et al., Appellees.
Joe Alfred SIRCOLOUMB, Appellant,
v.
UNITED STATES BOARD OF PAROLE, Appellee.
Gary Dwaine STALDER, Appellant,
v.
Loren E. DAGGETT, Warden, Appellee.
Rudolph WILLIAMS, Appellant,
v.
UNITED STATES BOARD OF PAROLE et al., Appellees.
Luther Anthony STEVENSON, Appellant,
v.
Loren E. DAGGETT, Warden, et al., Appellees.
 Nos. 73-1632, 73-1845, 73-1846, 73-1882 and 74-1172.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1974.
 
 1
 Richard G. Singer, Newark, N.J. (Tom W. Neal, Denver, Colo., with him on the briefs), for appellants.
 
 
 2
 Monti Belot, Asst. U.S. Atty., Topeka Kan. (Robert J. Roth, U.S. Atty., with him on the briefs), for appellees.
 
 
 3
 Before SETH and HOLLOWAY, Circuit Judges, and TALBOT SMITH,* Senior District Judge.
 
 
 4
 TALBOT SMITH, Senior District Judge.
 
 
 5
 We here consider five civil actions consolidated for briefing and argument on appeal. Since the actions originated as prisoners' pro se claims for relief, counsel was appointed and directed to focus primarily on the common issue presented, namely, a parole applicant's right to learn the reasons for the denial of his parole. Each of the petitioners before us, at the time of filing his asserted cause of action in the District Court for the District of Kansas, was confined in the United States Penitentiary, Leavenworth, Kansas.
 
 
 6
 Although in view of our resolution of this matter we deem it unnecessary to recite in detail the various pro se claims and charges made, bases of jurisdiction asserted, and forms of relief demanded, 'the thrust of each petition,' as agreed by the government, 'was that the petitioner was eligible for parole, yet had been denied parole' without having been given a statement of reasons therefor.[1] In each case, the District Court declined all types of relief sought, including a statement of reasons for denial of parole, and dismissed the actions on the pleadings.
 
 
 7
 The appellants rely on a duality of arguments. It is first contended, citing United States ex rel. Johnson v. Chairman, Board of Parole, 500 F.2d 925 (2nd Cir. 1974), that the failure to give reasons constitutes a constitutional offense, a denial of due process. With respect to the process that is due in this situation, we agree with the opinion of the court in King v. United States, 492 F.2d 1337, 1343 (7th Cir. 1974) that 'a substantial argument can be made that some modicum of due process should attend the denial of the expectation of conditional freedom on parole inasmuch as its termination after having been granted inflicts a 'grievous loss' of a 'valuable liberty," Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). But the appellants present, as well, a statutory argument, that the refusal to give reasons constitutes a violation of the requirements of the Administrative Procedure Act, 5 U.S.C. 551-559 (hereinafter the 'Act'). In accordance with well established principles we will proceed first to a resolution of the statutory issue, construing the prisoners' pro se petitions with respect thereto as actions in the nature of mandamus under 28 U.S.C. 1361.[2]
 
 
 8
 We note at the outset of our statutory exploration that we are not plowing new ground, prior exhaustive examination having been had by the Seventh Circuit in King v. United States, supra. It was there held that the Parole Board[3] was an 'agency' within the meaning of the Act, since it is an 'authority of the Government of the United States'[4] and is not otherwise excepted from the operation of the Act. It was further held that the action of the Parole Board came within the requirements of 6(d) of the Act, 5 U.S.C. 555(e), which provides:
 
 
 9
 Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.
 
 
 10
 We agree with the Seventh Circuit's reading of the act. The term 'agency proceeding,' above employed, is defined as an agency process comprehending rule making, licensing and adjudications,[5] the latter being an 'agency process for the formulation of an order.'[6] In view of the fact that an order 'means the whole or a part of a final disposition * * * in a matter other than rule making * * *,'[7] it seems clear that the decision whether to grant a prisoner parole is an adjudication' within the meaning of the Act.[8]
 
 
 11
 We reject the Board's argument, based on Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 236-237 (en banc), cert. denied, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963), that the parole decision is not an 'adjudication.' There the court was confronted with convicts whose parole had been revoked and who claimed 'in essence . . . they (were) entitled to a revocation hearing before the Board' at which certain procedural rights should be granted. Id. at 233. The court held that no hearing was required under the Act since the procedures in 5 U.S.C. 554, 556-557 apply in terms only 'to agencies which are required by their own statute of creation to adjudicate, after hearing.' Id. at 237. 5 U.S.C. 554(a).[9] Section 6(d), on the contrary, applies to 'any agency proceeding, whether or not formal or upon hearing.'[10] It is to be noted that 6(d) requires only a 'brief statement of the grounds of denial' 'as contrasted with the more elaborate findings which are customarily issued to support an order,'[11] e.g. the requirements of 5 U.S.C. 557(c) relating to decisions after a full hearing.
 
 
 12
 This 'seldom heeded' section,[12] we hold, is applicable to the situation presented and governs the action of the Parole Board. Not only is such the plain import of the text, as discussed above,[13] but the result, also, is clearly consonant with the purposes of the Act and the purposes of the parole system. The framers of the Act were determined to bring the 'fourth branch' of government-- the administrative agencies-- within the rule of law:
 
 
 13
 (The Act) is a bill of rights for the thousands of Americans whose affairs are controlled or regulated in one way or another by agencies of the Federal Government. It is designed to provide guaranties of due process in administrative procedure.[14]
 
 
 14
 Whether or not the parole decision is subject to external review, the requirement that the Board give a brief statement of reasons for the denial of parole is certain to improve the quality and fairness of the decision. To require the decision-maker to articulate his reasons focuses in him an awareness that his discretion must be exercised in a principled and consistent way. A statement of reasons may promote, as well, the rehabilitative goals of the parole system, since informing the prisoner of the reasons for denying his parole is an obvious first step toward enabling him to conform his institutional conduct to proper standards, should such issue be before the Board. Finally, we note, paraphrasing the Court in Morrissey v. Brewer, 408 U.S. 471, 484, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that society has a further interest in treating the potential parolee with basic fairness: fair treatment in parole denials will enhance the chance of rehabilitation by avoiding reactions to arbitrariness.
 
 
 15
 Such seem to be among the considerations which lie behind the Board's newly promulgated regulations.[15] Under this comprehensive revision of the Board's procedures, 'each inmate is permitted to have a representative to assist him at his parole hearing, parole decisions are accompanied by written reasons, and a two level administrative appeal process is provided.'[16] These new procedures, now in effect in the Northeast Region,[17] are, we are told, to be applied in other regions as personnel and staff become available, estimated to be in the fall of 1974.
 
 
 16
 We do not, we point out, purport to control discretion. What is required is the 'brief statement' prescribed by the Act. Accordingly, the District Court's orders of dismissal are reversed and the cases remanded for a determination of the threshold requirement for the application of 6(d) of the Act, 5 U.S.C. 555(e), whether or not a written application was made and, if so, for further proceedings consistent herewith.[18]
 
 
 17
 With respect to Mr. Sigler's representations as to the deleterious impact a decision requiring a statement of reasons would have on the imminent implementation of the Board's new rules, we are satisfied that the District Court will provide in whatever Order it deems appropriate that no undue burden is placed upon the Board, consistent herewith. In view of the large number of parole applications made annually to a Board of limited staff and the lack of any indication in the record of bad faith in the interpretation and administration of the applicable law and regulations, however, our decision will not be applied retroactively; see Wolff v. McDonnell, 418 U.S. 539, 573, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Morrissey v. Brewer, 408 U.S. 471, 490, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1971).
 
 
 18
 It is so ordered.
 
 
 
 *
 TALBOT SMITH, United States Senior District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Petitioners Sircoloumb and Stevenson allege that in response to their inquiries they received identical letters from the Board of Parole which state, in part:
 We can well understand your concern over denial of parole; however, since the decision of the Board constitutes the thinking of the majority of the Members, it is impossible to specify what factors entered into each decision. We, therefore, are unable to give reasons for the Board's final judgment in any case.
 See Kenneth Culp Davis, Discretionary Justice: A Preliminary Inquiry 128 (1969) for a description of the Board's decision-making process in this regard.
 
 
 [2]
 28 U.S.C. 1361 provides:
 The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.
 
 
 [3]
 The United States Board of Parole consists of eight members appointed by the President by and with the advice and consent of the Senate. 18 U.S.C. 4201
 
 
 [4]
 5 U.S.C. 551(1) provides:
 'agency' means each authority of the Government of the United States, * * *
 
 
 [5]
 5 U.S.C. 551(12)
 
 
 [6]
 5 U.S.C. 551(7)
 
 
 [7]
 5 U.S.C. 551(6)
 
 
 [8]
 See also the legislative history found in 92 Cong.Rec. 5649 (1946): "Order' and 'adjudication' as defined * * * embrace all of the decisions that agencies make in matters other than rule making.' (Congressman Walter)
 
 
 [9]
 That the Act did not mandate administrative hearings unless otherwise provided by law was one of the key departures from the provisions of the Walter-Logan bill which had been vetoed by the President. S.Rep. No. 752, 79th Cong., 1st Sess. 6 (1945)
 
 
 [10]
 Both the Senate and House Reports annotating 6(d) contain the following language:
 This subsection affords the parties in any agency proceeding, whether or not formal or upon hearing, the right to prompt action upon their requests, immediate notice of such action, and a statement of the actual grounds therefor. The latter should in any case be sufficient to apprise the party of the basis of the denial. * * *
 S.Doc.No.248, 79th Cong., 2d Sess. 206, 265 (1946). See Johnson, Federal Parole Procedures, 25 Ad.L.Rev. 459, 478-80 (1973).
 
 
 [11]
 S.Rep.No.752, 79th Cong., 1st Sess. 41 (1945) (letter of Attorney General Clark)
 
 
 [12]
 Kenneth Culp Davis, Discretionary Justice, A Preliminary Inquiry 104 (1969)
 
 
 [13]
 Note also, in this regard, the views of Professor Davis who finds tha Board's practices a 'clear violation' of 6(d). Id. at 129 & n. 49
 
 
 [14]
 92 Cong.Rec. 2149 (1946) (remarks of Senator McCarran)
 
 
 [15]
 39 Fed.Reg. 20028-29 (1974). See Administrative Conference Recommendation 72-3: Procedures of the United States Board of Parole (Adopted June 9, 1972), 25 Ad.L.Rev. 531, 534 (1973); DeGostin & Hoffman, Administrative Review of Parole Decisions, 38 Fed.Prob., June 1974, at 24; Johnson, Federal Parole Procedures, 25 Ad.L.Rev. 459, 484-6 (1973); see also Parsons-Lewis, Due Process in Parole-Release Decisions, 60 Calif.L.Rev. 1518 (1972); Note, Judicial Application of Procedural Due Process in Parole Release and Revocation, 11 Am.Crim.L.Rev. 1017 (1973)
 
 
 [16]
 Affidavit of Mr. Maurice Sigler, Chairman of the United States Board of Parole, admitted by us as part of the record on appeal
 
 
 [17]
 An area that does not include Leavenworth, Kansas
 
 
 [18]
 We note that the Board requires that prisoners complete written applications for parole, 28 C.F.R. 2.12 (1973), and that some of the plaintiffs herein have alleged they made specific written requests for a statement of reasons. In view of the summary disposition below, however, we deem it appropriate to remand for a resolution of these and other factual issues posed by the pleadings