Delbert X. BEARD, a/k/a August Serio, Plaintiff,

v.

Steve JOHNSTON and United States Parole Board, Defendants.

Paul PANCZKO, Plaintiff,

v.

Maurice SIGLER, Chairman, United States Board of Parole and Steve D. Johnston, Parole Executive, Defendants.

Ray Nelson BRUINSMA, Plaintiff,

v.

Maurice SIGLER, Chairman, United States Board of Parole and Steve D. Johnston, Parole Executive, Defendants.

Albert F. NUSSBAUM, Plaintiff,

v.

U. S. BOARD OF PAROLE and Maurice H. Sigler, Chairman, Defendants.

Edward Joseph X. CHAPMAN, Plaintiff,

v.

UNITED STATES PAROLE BOARD, Defendant.

James Harold PARKER, Plaintiff,

v.

UNITED STATES BOARD OF PAROLE, Defendant.

Clarence JONES, Plaintiff,

v.

UNITED STATES BOARD OF PAROLE, Defendant.

Edward JOHNSON, Jr., Plaintiff,

v.

UNITED STATES BOARD OF PAROLE, Defendant.

Civ. No. 74–11–E.

United States District Court,
E. D. Illinois.

April 2, 1975.

Delbert X. Beard, Paul Panczko, Ray Nelson Bruinsma, Albert F. Nussbaum, Edward Joseph X. Chapman, James Harold Parker, Clarence Jones, Edward Johnson, Jr., pro se.

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., East St. Louis, Ill., for defendants.

### MEMORANDUM AND ORDER

FOREMAN, District Judge:

Each of the Plaintiffs has filed an action seeking a written statement of the reasons for the denial of his parole application. Since the cases raised a common legal question, they were consolidated pursuant to Rule 42, Federal Rules of Civil Procedure, for consideration in a single order.

### I

■ Plaintiffs first claim that written reasons for the denial of parole are required by the Administrative Procedure Act, 5 U.S.C. § 551 et seq. The Court of Appeals for this Circuit recently held that the Administrative Procedure Act requires that federal prisoners be given "a brief written statement of the grounds for denial" of their parole applications, King v. United States, 492 F.2d 1337 (7th Cir. 1974). However, with the exception of Plaintiff Parker, who has already been given reasons for his denial of parole, all of the plaintiffs were denied parole prior to the *King* decision. Therefore, unless *King* is applicable retroactively it can not serve as a basis of relief for plaintiffs.

The Seventh Circuit failed to indicate in its opinion whether *King* was to be applied retroactively. The Tenth Circuit recently considered this issue, however, and held that its decision that the Administrative Procedure Act requires written reasons for denial of parole was not retroactive, Mower v. Britton, 504 F.2d 396 (10th Cir. 1974). In *Mower* the Court stated:

"In view of the large number of parole applications made annually to a Board of limited staff and the lack of

any indication of bad faith in the interpretation and administration of the applicable law and regulations, however, our decision will not be applied retroactively."

I find this reasoning applicable to the instant case and, therefore, hold that *King* is not retroactive. See also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Plaintiffs, therefore, are not entitled to relief pursuant to the Administrative Procedure Act.

## II

█ Plaintiffs also claim that written reasons for the denial of parole are required by the due process clause of the Fifth Amendment. The District of Columbia Circuit Court recently held in a class action filed on behalf of all federal prisoners eligible for parole that such written reasons are required by due process, Childs v. United States Board of Parole, 511 F.2d 1270 (D.C.Cir., decided December 19, 1974). Since the plaintiffs are all members of the class in *Childs* this Court is bound by that decision unless and until plaintiffs decide to challenge the adequacy of their representation in that case, Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 367, 41 S.Ct. 338, 65 L.Ed. 673 (1920).

The *Childs* case holds that all federal prisoners denied parole subsequent to December 31, 1973, must be provided a written statement of the reasons for the denial. All of the plaintiffs who have not received reasons were denied parole prior to December 31, 1973. Accordingly, plaintiffs are not entitled to relief based on their due process argument.

## III

█ In addition to written reasons for the denial of his parole application, Plaintiff Nussbaum seeks adjudication of his right to appeal his denial of parole. Nussbaum's own pleadings show that the Board of Parole has instituted an experimental procedure whereby federal prisoners whose parole hearings were held at an institution located in the Northeast Region may appeal the denial of their parole applications. Plaintiff's parole hearing was not held at an institution located in the Northeast Region, but he still claims he is entitled to appeal because the final decision on his parole application was made in Washington, D. C., which is located in the Northeast Region. Eligibility for appeal, however, does not turn on where the decision was made. Eligibility depends on where the parole hearing was held. Since Nussbaum's hearing was not held in the Northeast Region, he has no right to appeal his denial of parole.

## CONCLUSION

Plaintiffs have failed to state any claims upon which relief can be granted. Accordingly, their cases are hereby dismissed.

It is so ordered.