Daniel Wayne FRONCZAK,
Petitioner-Appellant,

v.

WARDEN, EL RENO REFORMATORY, EL RENO, OKLAHOMA and United States Board of Parole, Respondents-Appellees.

No. 76–1666.

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 9, 1977.

Decided March 3, 1977.

Philip B. Abramowitz, Robert C. Macek, Buffalo, N. Y., Michael A. Fisher, Chicago, Ill., filed memorandum opposing summary action on behalf of petitioner-appellant.

David L. Russell, U. S. Atty., Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl., appeared on behalf of respondents-appellees.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma denying relief sought pursuant to 28 U.S.C. § 2241. We affirm.

Appellant is presently incarcerated in the Federal Reformatory at El Reno, Oklahoma. On May 2, 1975, appellant was convicted after entry of his guilty plea of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to an indeterminate sentence under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010(b).

On August 1, 1975, less than a month after he began serving his sentence, appellant applied for parole consideration. On November 17, 1975, appellant, together with his counsel, met with two hearing examiners of the United States Board of Parole. On November 25, 1975, appellant was notified that the Board had determined to continue him in custody with an institutional review hearing to be held in January, 1977. He was furnished with written reasons for the action taken.

After pursuing further administrative remedies which resulted in an affirmance of the original decision, appellant sought habeas relief pursuant to 28 U.S.C. § 2241 in the district court. Relief was denied. On appeal, appellant raises the following issues: (1) whether the reasons given for the denial of parole release were sufficient to satisfy the Administrative Procedure Act, 5 U.S.C. § 551, (2) whether due process applies to parole release application, and whether the reasons given were sufficient to satisfy due process, and (3) whether the Board guidelines were improperly applied to him as an individual sentenced pursuant to the Federal Youth Corrections Act.

The reasons given by the Board of Parole for the original denial of parole release are as follows:

"Your offense behavior has been rated as very high severity. You have a salient factor score of 10. You have been in custody a total of five months. Guidelines established by the Board for youth cases which considered the above factors indicate a range of 20–27 months to be served before release for cases with good institutional program performance and adjustment. After careful consideration of all relevant factors and information presented it is found that a decision outside the guidelines at this consideration does not appear warranted."

In addition, the transcript of the proceeding before the hearing examiners indicates that appellant's counsel was granted considerable time to apprise the hearing examiners of the nature of appellant's offense, the absence of any prior record, and appellant's explanation of one incident report entered against him while incarcerated. The hearing examiner stated that he had considered all the information presented at that hearing in arriving at the determination to deny parole at that time.

It is well established that the provision of the Administrative Procedure Act, 5 U.S.C. § 551, which requires that prompt notice be given of a denial of a written application, is applicable to parole release hearings. *Mower v. Britton,* 504 F.2d 396 (10th Cir. 1974). It is clear that the reasons supplied to appellant satisfy the requirements of the Administrative Procedure Act and of *Mower, supra.*

Although the decision in *Mower, supra,* turned on the resolution of the statutory issue alone, this court stated at 397:

"With respect to the process that is due in this situation, we agree with the opinion of the court in *King v. United States,* 492 F.2d 1337, 1343, (7th Cir. 1974) that a 'substantial argument can be made that some modicum of due process should attend the denial of the expectation of conditional freedom on parole inasmuch as its termination after having been granted indicates a "grievous loss" of a "valuable liberty,"' *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)."

In *Barr v. United States,* 415 F.Supp. 990 (W.D.Okl.1976), guided by the language in *Mower, supra,* the court held that, while some modicum of due process is required in this setting of consideration for parole, such due process does not embrace the full panoply of rights due a parolee in a parole revocation hearing. See also *United States ex rel. Johnson v. Chairman, New York State Board of Parole,* 500 F.2d 925, 928 (2nd Cir. 1975); *United States ex rel. Richerson v. Wolff,* 525 F.2d 797, 803 (7th Cir. 1975), cert. denied 96 S.Ct. 1511 (April 1976).

■ Based upon the written reasons supplied to appellant for the denial of parole, and in view of the ample opportunity afforded appellant and his counsel to present other factors for the hearing examiners' consideration, we hold that appellant has been afforded all the due process required in this situation.

■ Lastly, appellant argues that the Youth Corrections Act requires more specific reasons than were given by the Board, and that the Board's reliance on its guidelines violates the purpose of the Act.

Insofar as this argument is connected with the sufficiency of the reasons supplied to appellant for the Board's action, appellant relies upon *Snyder v. United States Board of Parole,* 383 F.Supp. 1153 (D.Colo. 1974). The court in *Snyder* imposed a further requirement that the reasons for denial of parole must relate to the adjustment and rehabilitation efforts of a youth offender made within the institution.

Board policy requires additional reasons to be given only when a decision is made outside the guidelines. It is inconsistent to demand that a further explanation be given for the application of the guidelines in the particular case of a youth offender. It also is redundant in that the guidelines themselves incorporate good institutional adjustment and program progress, 28 C.F.R. § 2.20(b), as appellant was advised in the reasons supplied to him for the Board action.

Therefore, we hold that where the reasons given to appellant satisfy both the due process clause and the Administrative Procedure Act, the Youth Corrections Act requires no more. See *Barr v. United States, supra,* at 994.

Insofar as appellant challenges the guidelines themselves as objectionable in their application to a youth offender, appellant relies upon *United States ex rel. Mayet v. Sigler,* 403 F.Supp. 1243 (M.D.Pa.1975), wherein it was stated:

"Such guidelines, which utilize an analysis of the prisoner's offense as a critical factor in determining how long he will be incarcerated, violate the purpose of the Youth Corrections Act."

The purpose of the Youth Corrections Act is to emphasize individualized treatment and rehabilitation. However, the application of Board guidelines to youth offenders eligible for parole consideration is not inconsistent with that purpose and is well within the Board's discretion. *Barr v. United States, supra; Snyder v. United States Board of Parole, supra.*

When this case was docketed in this court the parties were notified that the appeal would be decided on the basis of the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. The issues have been well briefed by appellant and we have thoroughly reviewed the files and records and are convinced that the district court correctly denied relief. Accordingly, the judgment of the district court is affirmed.

The mandate shall issue forthwith.