**WATTS, et al.**

v.

**HADDEN, Warden, et al.**

**Nos. 80–1384, 80–1903.**

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1981.

See, also, D.C., 489 F.Supp. 987.

---

Addendum to Opinion—Comments of the
Panel on its denial of the Motion
for Rehearing

A total of five points are set forth in the Motion for Rehearing. The first four of these are substantially the same arguments which were advanced in the government's brief to this court in connection with the government's appeal. We believe that these points were adequately considered in this court's opinion, 651 F.2d 1354. The fifth argument was mentioned briefly in the government's brief on appeal but is addressed at length in the Petition for Rehearing, it was not considered in this court's opinion.

We will address this latter contention at greater length than the first four points.

*Point One*: Appellants have argued that the result in this case is inconsistent with the holdings of several other courts. Appellants note, however, that this court's opinion acknowledged that fact at pages 32 and 33, footnote 4. This court stated that it disagreed with the reasoning of those cases. No purpose would be served by repeating all of that now.

*Point Two*: Appellants argue that this court's opinion is irreconcilable with this court's earlier decision in *Fronczak v. Warden*, 553 F.2d 1219 (10th Cir.). They seem to be implying that the panel has overruled *Fronczak* but that such a determination should be made by the court en banc. They, of course, do not realize that this matter has been submitted to the court en banc and that the manner of commenting on *Fronczak* has received the approval of the entire court. They should not worry in any event about matters of internal administration in this court. We, of course, understand and appreciate their efforts.

*Point Three*: It is next argued that when Congress "amended the YCA" it intended to insure that YCA offenders are paroled on the basis of the same guidelines applied to all other prisoners. They are simply repeating the same argument made on appeal, citing the same cases they cited on appeal. We considered and rejected the argument that was contained in *Shepard v. Taylor*, 556 F.2d 648 (2nd Cir.). There is no need to go over that analysis again. We do point out that we recognize fully that the Congress had authorized the Parole Board to change its procedure somewhat in determining eligibility for parole. That it authorized the Commission to consider the severity of the offense of committed YCA offenders in determining eligibility for parole. There is not, however, any indication that Congress in authorizing the Commission to consider § 4206(c) in determining eligibility for release intended to wipe out the considerations applicable under the Youth Corrections Act, such as rehabilitation. Surely if Congress had intended to make such a fundamental change, Congress would have so stated. As we said in our opinion if Congress had intended to overhaul the entire system, it would have proceeded in an open and forthright way.

*Point Four*: Appellants state that when this court referred to 18 U.S.C. § 4206(c) which provides that the Commission may grant release to any prisoner for good cause notwithstanding the guidelines, it read

"good cause" to mean "rehabilitative progress by YCA offenders." The appellants have objected to that reasoning on the ground that Congress would not have intended the good cause provision to mean that the Commission was to make judgments as to whether offenders were rehabilitated, since to encourage such decision making encourages arbitrary results. Appellants argue that such a reading can lead to disparities in parole decision making which was one of the principal evils Congress sought to eliminate in adopting the Parole Commission and Reorganization Act. This has been considered fully in the opinion and nothing new is added. The position is very simple. If Congress had wished to change the standards and to repeal the Youth Corrections Act and the philosophy applicable thereto, it would have addressed the matter directly. Substitution for behavior in prison for rehabilitation is a serious matter and one which should not be left to implication or inference.

The position of the appellants is the same as that which was urged in the case in chief, namely that the Parole Commission and Reorganization Act was intended to do away with the distinction between youth offenders and other prisoners and was intended to mandate uniform criteria for all regardless of how they were sentenced. We rejected that argument on the ground that such an interpretation of the Act conflicted with the YCA and the Congress neither expressly nor implicitly repealed the YCA. Indeed Congress referred to the Youth Corrections Act in its 1976 enactment.

*Point Five*: It is argued that the court's opinion failed to give due weight to the Parole Commission's interpretation of the statute. This is inaccurate because we did give attention to this fact. However, our difference cut much more deeply than what the government is saying, that we rejected "the construction" given by the Commission. We recognize that *Howe v. Smith*, 452 U.S. 473, 101 S.Ct. 2468, 69 L.Ed.2d 171 (1981) reinforces the principal that the courts should follow the interpretations of statutes made by the agency charged with administering them unless the interpretation is clearly erroneous. We have no quarrel with this but the position of the Parole Board here is that it has the authority by regulation to reconstruct the important parts of the penal code and to do so by implying such repeal from the 1976 Act.

But Congress gave full notice and acknowledgment to the Youth Corrections Act. It expressed no intent to void either its provisions or its philosophy. The Commission argues that it should enjoy more latitude because it had a significant role in drafting the legislation. The Commission also maintains that it helped to steer it through Congress and if the interpretation is reasonable it ought to be accepted. They cite *Brennan v. Occupational Safety and Health Commission*, 513 F.2d 553 (10th Cir. 1975). In that case this court said that if the agency's interpretation is reasonable this court should accept that interpretation even if there is another interpretation that is equally reasonable. We felt in Brennan, and we believe in the instant case, that the Commission's interpretation of the Parole Act is not reasonable since it closed its eyes to the important aspects of the Youth Corrections Act. If this were a mere interpretation we would view it differently. This purported interpretation is a drastic change which Congress, had it realized the meaning which the Commission had in mind, would have proceeded directly so that its meaning would be clear.

For the reasons stated it is the judgment of the panel that the Motion for Rehearing is lacking in merit and that it should be and is hereby denied. The suggestion for rehearing en banc is rejected.