Dag H. HERMANSEN, Petitioner,

v.

**UNITED STATES PAROLE COMMIS-SION, Respondent.**

Civ. A. No. 83–K–1998.

United States District Court,
D. Colorado.

June 20, 1984.

Edward Dale Parrish, Denver, Colo., for petitioner.

Douglas Curless, Asst. U.S. Atty., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Petitioner Hermansen is twenty-nine years of age. He was originally convicted of possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841, and was sentenced to three years probation on March 16, 1973, pursuant to the Youth Corrections Act. Probation was revoked on October 21, 1975 based upon an armed robbery which was related to his heroin addiction. He was sentenced to fifteen years pursuant to 18 U.S.C. § 5010(c), another provision of the Youth Act. Hermansen served three years in federal custody and was paroled to the state of Washington on August 3, 1978. Washington had a detainer on Hermansen based upon his conviction for armed robbery. He was later released from Washington state custody in January of 1980. Hermansen's federal parole was subsequently revoked due to new criminal conduct which included an assault and two burglaries. On October 2, 1980, he re-entered state custody.

On April 5, 1983 the U.S. Parole Commission held a parole revocation hearing. The hearing examiner recommended that Hermansen be paroled on June 1, 1983, following service of 32 months. However, the notice of action sent on May 3, 1983 stated that Hermansen was to be paroled following a service of 72 months on October 6, 1986. After exhausting his administrative remedies, Hermansen filed a petition for a writ of habeas corpus in October of 1983. In his petition, Hermansen claimed that the parole board abused its discretion by considering his prior convictions twice in establishing a parole date and by applying the wrong standards when considering him for parole. On March 23, 1983, the magistrate issued findings of fact and conclusions of law requiring the parole board to grant petitioner a new hearing. The magistrate specifically found that since Hermansen had been convicted before 1976, the parole board violated the ex post facto clause when it considered the 1976 amendment to the Youth Offender Act in determining his parole release date. The matter is now before me on the parole commission's motion for reconsideration of the magistrate's order.

## I. RESPONDENT'S ARGUMENTS

Respondent asserts that it did not violate the constitutional ban against ex post facto laws when it applied 18 U.S.C. § 5017, as amended in 1976, to petitioner's parole determination. Before 1976, the primary emphasis at a parole hearing for a youth offender was the youth's propensity to commit another crime. This changed however, when congress amended 18 U.S.C. § 5017 so that adult parole criteria could be applied to those sentenced under the Youth Corrections Act after 1976. The amendment allows the parole commission to consider factors such as retribution to society and the severity of an offense in determining a youth's parole release date. The magistrate found that the parole commission erred when it considered the severity of the state crimes Hermansen committed in 1980 in setting his parole release date, because the commission could not consider such a factor at the time petitioner was sentenced for his federal offense in 1973. Respondent argues, however, that the magistrate's decision directly contravenes the law of this circuit which allowed the parole commission to consider the seriousness of a youth offender's crimes even before the 1976 amendment. In support of its argument respondent cites *Fronczak v. El Reno Reformatory*, 553 F.2d 1219 (10th Cir.1977) and *Watts v. Hadden*, 651 F.2d 1354 (10th Cir.1981).

In *Fronczak*, the Court of Appeals held that the parole commission had not exceeded its statutory authority in promulgating and employing parole guidelines for persons sentenced under the pre-1976 version of the Youth Corrections Act that considered the severity of the youth offender's crimes:

The purpose of the Youth Corrections Act is to emphasize individualized treatment and rehabilitation. However, the application of the Board guidelines to youth offenders eligible for parole consideration is not inconsistent with that purpose and is well within the Board's discretion.

553 F.2d at 1221. Respondent's attempt to apply the rule in *Fronczak* to this case fails because the prisoner in *Fronczak* challenged the parole commission guidelines as being inconsistent with the purpose of the Youth Corrections Act. Petitioner Hermansen makes no such challenge. He filed his habeas petition on grounds that application of the 1976 amendment to his parole determination was invalid as an ex post facto law. That issue was never addressed in *Fronczak*. The Tenth Circuit's decision in *Watts v. Hadden* is also inapplicable for the same reasons.

Respondent nevertheless argues that I should follow the line of cases which have held that new guidelines promulgated by the parole commission under 28 C.F.R. § 2.20 do not violate the ex post facto clause. *See Portley v. Grossman,* 444 U.S. 1311, 100 S.Ct. 714, 62 L.Ed.2d 723 (1980); *Warren v. United States Parole Commission,* 659 F.2d 183 (D.C.Cir.1981); *Ruip v. United States,* 555 F.2d 1331 (6th Cir.1977); *Rifai v. United States Parole Commission,* 586 F.2d 695 (9th Cir.1978). I decline to do so for the reasons stated in the magistrate's order:

> These cases were decided on the basis that the Parole Commission's guidelines were simply regulations concerning their authority to grant parole to prisoners. 'The very broad discretion vested in the Board of Parole by Congress carried with it the authority to establish such guidelines as would best effectuate the purpose of Congress in establishing the Board and the parole system.... Congress expressly conferred this power to promulgate guidelines from the newly created Parole Commission.' *Ruip vs. U.S., supra* at 1335. *This case concerns a change in a statute, and not simply a change in a Parole Commission regula-*

*tion. The statute changes the length of the sentence after the petitioner's incarceration.* (emphasis added).

Magistrate's Order, at 4 (March 23, 1984).

## II. EX POST FACTO CLAIM

"It is a fundamental principle of ex post facto jurisprudence that a court entertaining an ex post facto claim must focus upon the law in effect at the time of the offense for which a person is being punished." *United States Ex Rel Forman v. McCall,* 709 F.2d 852, 856 (3d Cir.1983) (citing *Weaver v. Graham,* 450 U.S. 24, 25, 101 S.Ct. 960, 962, 67 L.Ed.2d 17 (1981). Hermansen was convicted of possession of narcotics with intent to distribute in 1973 pursuant to the Youth Corrections Act. Any determination of his eligibility for parole should have been made pursuant to the criteria in existence at that time. Instead of applying those standards, however, the parole commission focused upon the severity of subsequent criminal conduct wherein Hermansen violated the conditions of his parole:

> Your parole violation has been classified as New Criminal Conduct of Category Five Severity because it involved the unlawful entry into an inhabited dwelling, assaulting the victim and using a weapon in the commission of the offense (knife). Your new salient factor score (SFS–81) is 3.... The youth guidelines are applicable to your case. You have been in state and federal confinement as a result of your violation behavior for a total of 30 months. The parole guidelines indicate a customary range of 40–48 months to be served before release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted *because your offense behavior involved the following aggravating factors: in addition to the above offense, you committed and were convicted of two additional commercial burglaries while on parole supervision.* (emphasis added).

Notice of Action, United States Parole Commission, at 3–4 (May 3, 1983). The original recommended parole date of June

1, 1983 was extended to October 6, 1986 on the basis of an addendum by one of the members of the parole commission which stated: "I view this offense as a crime of violence and would continue the subject to the top of his guide line range (72 months)." *See* Addendum to Hearing Summary of April 5, 1983.

I now turn my attention to the issue of how Hermansen's parole determination in May of 1983 violated the ex post facto clause. The magistrate stated in his order that "the U.S. Parole Commission has ... violated Hermansen's constitutional rights by applying the amended version of 18 U.S.C. § 5017 to his parole hearing." Magistrate's Order at 3. The amended version of 18 U.S.C. § 5017 reads:

> The Commission may at any time after reasonable notice to the Director release conditionally under supervision a committed youth offender *in accordance with the provisions of section 4206 of this title....* (emphasis added).

Section 4206 lists the parole criteria applicable to adult offenders.[1] Before 1976 "[t]he severity of the youthful offender's crime was conspicuously absent from the factors that could be assessed in determining whether to treat or release him." *Shepard v. Taylor,* 556 F.2d 648, 653 (2d Cir.1977). However, after the amendment, the parole commission could consider "whether the youthful offender had received 'just punishment' and was to 'weigh the concepts of general and special deterrence, retribution and punishment' in all release decisions." 556 F.2d at 653 (citing Joint Explanatory Report of the Committee of Conference, at 26, *reprinted in* 1976 U.S.Code Cong. & Admin.News, pp. 351, 358–59).

It is obvious that the parole commission retroactively increased Hermansen's term of incarceration based on the severity of his subsequent state offenses. I reach this conclusion because the original recommended parole date of June 1, 1983 was extended to October 6, 1986. This would not have occurred if Hermansen's case had been properly reviewed under the pre-1976 version of 18 U.S.C. § 5017. Not only does the record support an ex post facto violation, but so does the case law. I am impressed with Judge Kaufman's analysis of a similar situation in *Shepard v. Taylor,* 556 F.2d 648 (2d Cir.1973).

Shepard was sentenced in 1972 pursuant to the Youth Corrections Act for transporting a stolen car in interstate commerce. He was then released on parole in Florida two years later. In October 1974, Shepard violated the conditions of his parole by traveling to New York City where he attempted to rob a restaurant. As a result, he was sentenced to four years imprisonment by the Supreme Court of New York County. A parole revocation hearing was conducted in January of 1977. The hearing examiner revoked Shepard's parole, but also recommended that his parole be reinstated two months later. The Regional Commissioner rejected that recommendation and ordered that a routine parole hearing be held just four months before Shepard's mandatory release date on the grounds that paroling Shepard so soon "would promote disrespect for the paroling process." 556 F.2d at 651. In finding an ex post facto violation Judge Kaufman stated:

> The expressed view of the Regional Commissioner that reparole of Shepard 'would promote disrespect for the paroling process' and the substantial weight that the guidelines accord offense severity, incorporate factors that were barred from any consideration by the Act prior

---

**1.** § 4206 Parole determination criteria

(a) If an eligible prisoner has substantially observed the rules of the institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare;

subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

18 U.S.C. § 4206 (1976).

to amendment. Whatever our current attitude may be toward the wistful idea of 'rehabilitation', it is unjust and offends fair play retroactively to increase the punishment of a 'model prisoner' merely because of Congress's belated and changed mood concerning the proper response to juvenile crime. (citations omitted).

556 F.2d at 654.

The same rationale applies to the facts of this case. Like Shepard, Hermansen committed his original crime in 1973 when the Youth Corrections Act did not allow offense severity to be considered in parole determinations. He also broke the conditions of his parole by engaging in subsequent criminal activity. Instead of being eligible for parole in June of 1983, his term of incarceration was extended to October 1986 because of the severity of the subsequent state offenses. Since Hermansen's case history is so similar to Shepard's, I conclude that his constitutional rights were also violated.

Not only is Hermansen's claim supported by the Second Circuit's decision in *Shepard v. Taylor*, but also by decisions from the 4th and 9th Circuits. The Fourth Circuit in *Marshall v. Garrison*, 659 F.2d 440 (4th Cir.1981) addressed the same issue of whether the application of offense severity standards against a youth offender who was sentenced before their adoption violated the constitutional ban on ex post facto laws. In finding a violation the court stated:

> It is clear from the Parole Commission's 'Notice of Action on Appeal' that the severity of the crimes to which Marshall pleaded guilty was a major factor in its decision to postpone his parole date to 1983.
>
> In evaluating Marshall for parole, we thus conclude that the Commission considered a factor that it could not properly consider under the version of the Act in effect in 1973, when Marshall committed his offenses.

659 F.2d at 444. The Ninth Circuit in *DePeralta v. Garrison*, 575 F.2d 749 (9th Cir.1978) also found that the application of

the 1976 amendment to a youth offender sentenced in 1973 violated the ex post facto clause:

> [T]he Parole Commission to the extent it did do so, should not have relied upon the 1976 Act or the Regulations implemented pursuant thereto in denying DePeralta release on parole. Rather, the Commission could and should have upheld the law in force at the time DePeralta was sentenced in determining whether parole release for DePeralta was appropriate.

575 F.2d at 751. *See also Benites v. United States Parole Commission*, 595 F.2d 518 (9th Cir.1979) (prisoner entitled to benefit of parole law in effect when he was sentenced in 1974); *Duldulao v. United States Parole Commission*, 461 F.Supp. 1138, 1142–43 (S.D.Fla.1978) (parole eligibility of youthful offender is determined by criteria in effect at time of sentencing).

For the reasons stated in this opinion, I conclude that the parole commission violated the ex post facto clause when it considered the severity of Hermansen's subsequent state offenses in setting his parole release date. I therefore deny the motion for reconsideration and affirm the magistrate's order.

IT IS SO ORDERED.