Russell L. HAYES, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7452.

United States Court of Appeals Tenth Circuit.

Dec. 2, 1963.

**728**

James M. Little, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief) for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Petitioner appeals from an order denying his application for a writ of habeas corpus. The background facts are not in dispute.

Petitioner was convicted of a violation of 26 U.S.C.A. 7206, was sentenced to six years, and commenced service of such sentence on March 8, 1957. On July 31, 1961, petitioner received mandatory release with 584 days remaining of the sentence. Expiration of his sentence less 180 days, was thus September 8, 1962. On June 4, 1962, upon specific allegation of parole violation, the United States Board of Parole issued a warrant for petitioner's arrest as a mandatory release violator. The warrant was executed September 11, 1962, and on November 7, 1962, after a hearing, the Board of Parole determined petitioner to be a violator and reset his full term expiration date.

Petitioner's claim that he was arrested under a void warrant is without merit. A parole violator's warrant that is issued during the period of parole may be executed during the terminal 180-day period of the full sentence. Taylor v. Godwin, 10 Cir., 284 F.2d 116; Taylor v. Simpson, 10 Cir., 292 F.2d 698; Wright v. Taylor, 10 Cir., 294 F.2d 592.

Similarly without merit are petitioner's dual contentions that he was denied a fair hearing before the Parole Board because the Board considered evidence of his conduct that occurred after the warrant was issued and because the Board revoked his parole upon insufficient evidence. Habeas corpus is a proper remedy to test only the jurisdiction of the Parole Board and other aspects of due process that are applicable to the limited rights of a parolee. Petitioner's contentions do not raise a question of denial of due process.

Affirmed.