Jack Wesley LAVENDERA, Petitioner,

v.

J. C. TAYLOR, Warden United States Penitentiary, Leavenworth, Kansas, Respondent.

No. 3665 H.C.

United States District Court
D. Kansas.

Oct. 5, 1964.

Ethan Potter, Leavenworth, Kan., for petitioner.

James R. Ward, Asst. U. S. Atty., Topeka, Kan., for respondent.

WESLEY E. BROWN, District Judge.

There has been filed with the Clerk of this Court a petition for a writ of habeas corpus signed and verified by Jack Wesley Lavendera, and the requisite filing fee has been paid. Petitioner is attacking the

validity of his detention under arrest on a conditional release violator's warrant. Respondent filed its return to said petition, and petitioner filed a letter which has been treated as a reply to respondent's return.

Lavendera's petition asserts the following grounds for relief:

a. that he fully complied with the terms of his release

b. that the parole board lost jurisdiction of him because the warrant was not served on him until after the expiration of the maximum term of petitioner's sentence less 180 days

c. that petitioner was denied a hearing regarding the violation of his conditional release, which is to be afforded pursuant to 18 U.S.C.A. § 4207

d. that petitioner has fully served his seven and one half year sentence.

A hearing on this petition was held on September 11, 1964 at which respondent appeared by an assistant United States Attorney and petitioner appeared in person and through his court-appointed counsel, Mr. Ethan Potter. At this hearing, petitioner raised two additional grounds as a basis for his release on habeas corpus:

e. that he was entitled to be represented by counsel at the revocation hearing before the parole board and that he was denied that right

f. that the parole board waived its right to arrest the petitioner on the warrant because of the delay of approximately twelve months between the issuance and execution of the warrant.

The court, after examining the papers filed in this court, the evidence adduced at the hearing, and arguments of counsel at the hearing, makes the following findings and order:

Petitioner was sentenced in the United States District Court, Southern District of Texas, Laredo Division, on September 19, 1956 to a seven and one half year term and fined $1,000.00 for a violation of 21 U.S.C.A. § 174 (importing of narcotics). Petitioner had been convicted on his plea of guilty. Petitioner served five years two and one half months and was released on December 1, 1961. At this time, the maximum term of his sentence would have expired March 18, 1964.

On February 11, 1963, a referral was made to the parole board charging that petitioner had while on conditional release committed numerous traffic violations, was convicted of driving while under the influence of drugs and had been associating with a person having a criminal record. Petitioner had on January 22, 1963 pled guilty to the driving-under-the-influence charge in the Harris County Criminal Court in Houston, and received a $100.00 fine and 90 days in county jail. Lavendera then posted an appeal bond and filed a motion for new trial.

On February 11, 1963, a conditional release violator warrant was issued by the parole board. Pending appeal of the Harris County, Texas case, Lavendera continued to report to his parole officer until September 20, 1963, the maximum term of sentence less 180 days. On or about December 20, 1963, petitioner was committed to the Harris County, Texas jail. On February 24, 1964, the February 11, 1963 violator's warrant was executed by arresting petitioner at the Texas jail, where he remained until transfer to the federal prison at Leavenworth. Lavendera was received at Leavenworth on April 26, 1964.

On July 8, 1964, petitioner was given a hearing at Leavenworth by a member of the parole board, and on July 23, 1964 petitioner's release was revoked by the parole board. [See Respondent's Exhibit A]. Petitioner is now in the custody of respondent under or by color of the authority of the United States. He will be eligible for release with good time credits on November 2, 1965, and the maximum term of his sentence will now expire June 10, 1966.

On May 4, 1964, petitioner executed an "Attorney-Witness Election Form." [Re-

spondent's Exhibit B.] At one place on the exhibit the date is listed as "May 4, 1962" and in another place as "May 4, 1964." We find the 1964 date to be correct, as Lavendera was not in custody in 1962, having been released on December 1, 1961. This form, signed by Lavendera states in part:

"Having been fully advised that I will be given an opportunity to appear at a revocation hearing and that I may arrange for representation by counsel and call witnesses having relevant and material information, I hereby state:

"(a) I wish to waive representation by counsel and the testimony of witnesses.

"/s/ Jack Lavendera

#73874

Register No."

Petitioner's contention that he fully complied with the terms of his release involves an administrative matter into which this court will not inquire on habeas, unless it is shown that the parole board's action was arbitrary and capricious and not founded on reliable information. E.g., Christianson v. Zerbst, 89 F. 2d 40 (10th Cir. 1937). The burden is on petitioner to prove his case by a preponderance of the evidence. Teague v. Looney, 268 F.2d 506 (10th Cir. 1959). Petitioner has not met this burden in showing the parole board acted arbitrarily or capriciously.

Petitioner contends the parole board lost jurisdiction because the warrant was not served prior to the expiration of the maximum term less 180 days. The argument is without merit. It is clear that the violations of petitioner's release took place prior to the last 180 days of his maximum term and it is also clear that the warrant for his retaking was executed on him about a month before the maximum term of sentence expired. A parole violator's warrant that is *issued* during the period of parole may be *executed* during the terminal 180-day period of the full sentence. Hayes v. Taylor, 324 F.2d 727 (10th Cir. 1963).

See also Wright v. Taylor, 294 F.2d 592 (10th Cir. 1961); Taylor v. Simpson, 292 F.2d 698 (10th Cir. 1961).

Petitioner's argument that he was denied a hearing is now moot and beyond this court's consideration. A hearing *was* held on July 8, 1964. 18 U.S.C.A. § 4207 contemplates that the hearing will be held within a reasonable time. Adams v. Hudspeth, 121 F.2d 270 (10th Cir. 1941). But once a hearing is given pursuant to the statute, the question is removed from the consideration of a habeas court. United States ex rel. Buono v. Kenton, 287 F.2d 534 (2d Cir.), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961). Further, the proper time for petitioner to complain of a denial of a hearing is before the hearing is granted, not after. Weaver v. Markley, 332 F.2d 34 (7th Cir. 1964).

Lavendera's contention that he has fully served his seven and one half year sentence is likewise without merit. 18 U.S.C.A. § 4205 states that when a prisoner has violated the terms of his release and a warrant is issued, the unexpired term of such prisoner beings to run *from the date he is returned* to the Attorney General under the violator's warrant. The statute specifically provides that the time spent on parole does not diminish the time he was to serve. See also Looney v. Lenz, 217 F.2d 841 (10th Cir. 1954), cert. denied, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287, reh. denied, 350 U.S. 856, 76 S.Ct. 42, 100 L. Ed. 760 (1955).

Petitioner next contends that he is entitled to be represented by counsel at the revocation hearing and that he was denied that right. We are satisfied that the failure to provide petitioner with counsel when he appears before the parole board is not a denial of due process within the meaning of our constitutional provisions. See Still v. Taylor, No. 3214 H.C. (D.Kan.1961). The petitioner's contention thus must be regarded as one based upon congressional action as expressed by the language of the statute, and not as a constitutional directive. Raisin v. Taylor, No. 3470 H.C. (D.Kan.

August 26, 1963). In Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), the Supreme Court indicated that while the petitioner was entitled to be heard, this does not mean he may insist on a trial in any formal sense.

This court has previously analyzed the two basic lines of authority on this point. See Raisin v. Taylor, supra. We do not intend to repeat that analysis here. Suffice it to say that the District of Columbia cases upon which petitioner relies are based on the District of Columbia code provisions and *not* upon Title 18 of the United States Code. We are satisfied that the line of authority represented by Washington v. Hagan, 287 F.2d 332 (3d Cir.), cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259 (1960), presents the better view, *i. e.*, a hearing before the board is a formal non-adversary proceeding at which the violator has no federally guaranteed right to legal representation. As indicated before, this court has previously aligned itself with this view; we continue to be so aligned. See Raisin v. Taylor, supra; Still v. Taylor, supra.

Having disposed of the contention on this basis, we need not decide whether the "Attorney-Witness Election" form [Respondent's Exhibit B] signed by petitioner constitutes a valid waiver of any right to counsel which might otherwise exist.

■ Finally, petitioner argues that the parole board waived its right to arrest him by the delay of approximately twelve months between the issuance and the execution of the violator's warrant. But a parole violator has no right to make demands on the parole board with respect to the time when a violator's warrant should be served. "[I]t does not lie in the mouth of a parole violator to make demands on the Board." Groce v. Hudspeth, 121 F.2d 800, 802 (10th Cir. 1941).

It is immaterial that the board does not execute the violator's warrant as soon as it might, as long as the warrant is executed without unreasonable delay, the reasonableness of delay turning on the particular facts of each case. E. g., Hamilton v. Hunter, 65 F.Supp. 319 (D.

Kan.1946). And the fact that petitioner continues to report to his parole officer, even after the warrant has been issued, does not affect the right to retake him. Welch v. Hillis, 53 F.Supp. 456 (W.D. Okl.1944).

Nor does it affect the validity of petitioner's arrest on the warrant that the parole officers could have executed the warrant while petitioner was on bond on other charges and could have been located. Sapinski v. Humphrey, 119 F.Supp. 822 (M.D.Pa.1954).

Inasmuch as petitioner was on bond on state charges in Texas at the time the violator's warrant was issued, it must be concluded that the parole board had sufficient reason for refraining from exercising its jurisdiction, pending the outcome of those charges, and that the delay in retaking petitioner was not, under the circumstances, unreasonable.

It is therefore ordered that petitioner Lavendera's petition for a writ of habeas corpus be and it is hereby denied.