**Oscar L. DANIELS, Jr., Petitioner,**

v.

**G. M. FARKAS, Warden, Federal Correctional Institution, Lompoc, California, and the United States Parole Commission, Respondents.**

**No. CV 76–1820–DWW.**

United States District Court,
C. D. California.

July 8, 1976.

Amended Order Aug. 3, 1976.

O'Melveny & Myers, Richard E. Sherwood, Ira M. Feinberg, Los Angeles, Cal., Kipperman, Shawn & Keker, John W. Keker, San Francisco, Cal., for petitioner.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., Juan P. Robertson, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

## ORDER DENYING WRIT OF HABEAS CORPUS

DAVID W. WILLIAMS, District Judge.

Petitioner Daniels moves this court to grant a writ of habeas corpus releasing him from custody from the federal prison at Lompoc. Jurisdiction is conferred under 28 U.S.C. § 2241(c)(1) and (3).

Petitioner is presently serving a five-year sentence at Lompoc stemming from a 1967 plea of guilty in Texas to possession of less than an ounce of marijuana. He was ini-

tially sentenced on February 27, 1967 to five years probation on condition that he serve six months in custody. However, in December, 1968, petitioner's probation was revoked for failure to report to his probation officer and the sentencing judge imposed the five-year sentence upon him.

Petitioner served 19 months of this sentence and was paroled in July, 1970. Petitioner was held in custody at Lompoc until January, 1975 at which time he was placed in a halfway house in San Francisco. He "walked away" from the halfway house in April, 1975. A warrant was issued but petitioner was not arrested until February, 1976. A parole recission was held May 13, 1976 which resulted in a denial of petitioner's parole and a revocation of a pre-escape grant of an April, 1975 parole date. His mandatory release date is now October 20, 1976.

Petitioner contends that under 18 U.S.C. § 4210(b) his custody is illegal in that he is entitled to receive credit toward completion of his sentence for the time upon which he was on parole. If such time is added to the time already served in custody, the lawful jurisdiction of the respondents over him has terminated and petitioner's immediate release is mandatory.

Section 4210(b), which became effective on May 14 of this year states in part:

"Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced . . . "

Two exceptions are provided to the statute which are not applicable here.

Petitioner contends that as a result of the passage of this section, the jurisdiction of the respondent has already ended and that therefore this writ should issue. Petitioner bases his calculation upon having served four years in prison and having accumulated over three years of "good time" while on parole. The issue thus presented does not involve an evaluation of petitioner's calculations, but upon a consideration of the retroactivity of this new section.

Section 4210(b) clearly indicates and intends that a prisoner is to receive credit for that time which he has served on parole. The section previous to this, 18 U.S.C. § 4205 (which was repealed at the time § 4210(b) came into effect) stated that:

"The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

Petitioner was treated under the above section, as his latest parole revocation hearing took place prior to the May 14, 1976 effective date of the new statute.

Were this a purely equitable proceeding I would be inclined to grant petitioner's request for the writ. But the suit for a writ of habeas corpus is not purely equitable and the precedent concerning a brand new statute is at issue. While it is true that petitioner was originally sentenced in 1967 to a maximum possible sentence of five years and he is currently in prison 9 years later, and that if a parole revocation hearing were held under the new statute today he would be out of prison now, the fact remains that there is no indication in § 4210(b) that the section was to be given retroactive effect to hearings before May 14, 1976. Senator Burdick, the chairman of the committee recommending the committee report containing this section to the Senate, indicated that:

"This legislation is prospective in its application. Decisions to grant, deny, modify or revoke parole made by the parole agency prior to the effective date of this act are to be carried out pursuant to the law in effect at the time of the decision." Congressional Record. Vol 122. No. 28 at p. 2572–73.

While it is true that the mere comments of one Senator on a piece of proposed legislation is in no way binding on this court, the comments do seem to follow the dictates of logic. Since there is no retroactivity claim in the section, the better view seems to

dictate only prospective application. The alternative would be a reconsideration of all prisoners in federal custody that were out on parole for some period of time and then brought back into custody on a parole violation warrant. It would not seem to be the intent of Congress to give new hearings and release any prisoner who was a parole violator with substantial time added up between prison time and street time.

So Ordered.