UNITED STATES of America, Plaintiff,

v.

Arthur L. BURTON, Defendant.

Crim. No. CR 76–73.

United States District Court,
N. D. Ohio, W. D.

Nov. 18, 1976.

---

Reginald S. Jackson, Jr., Toledo, Ohio, for the U.S.

Lawrence H. Brenner, Toledo, Ohio, for defendant.

## OPINION AND ORDER

DON J. YOUNG, District Judge.

On June 30, 1976, a five count information was filed charging the defendant with several violations of the postal laws, Title 18 U.S.C. § 1708.

Thereafter counsel was appointed to represent the defendant, and plea bargaining was commenced pursuant to the provisions of Rule 11(e), Fed.R.Crim.P. An agreement was made that if the defendant would enter a plea of guilty to Counts I and II of the information, the Government would, at the time of sentencing, dismiss the remaining counts and agree to a sentence of imprisonment of five years on each count, the sentences to run concurrently on both counts, and also to run concurrently with the unexpired six years of a sentence previously imposed upon the defendant, and under which sentence he was on parole at the time of the offenses involved herein.

Thereupon the defendant was arraigned upon the information, and the plea agreement was disclosed in open court, pursuant to Rule 11(e)(2), Fed.R.Crim.P. The Court accepted the agreement, and informed the defendant that it would embody in the judgment and commitment form the disposition provided for in the plea agreement, as required by Rule 11(e)(3), Fed.R.Crim.P.

Thereafter on July 9, 1976, the Court imposed sentence upon the defendant and he was taken to the Federal Correctional Institution at Sandstone, Minnesota to serve his sentence.

On October 4, 1976, the United States Parole Commission notified the defendant that his "Parole violation term [was] to run consecutive to any sentence imposed for criminal violation during parole."

The defendant then timely filed a motion for reduction of sentence with this Court.

Upon inquiry, one Gary Lasley of the United States Parole Commission advised this Court, through the Court's probation officer, that the final determination under the circumstances of this case and under Title 18 U.S.C. §§ 4210 and 4214 lies within the discretionary powers of the Parole Commission whose policy is to order parole violator terms served consecutively to new commitments to deter violation of law by other persons on parole.

Title 18 U.S.C. § 4210(b)(2) provides in part as follows:

In the case of a parolee who has been convicted of a Federal . . . crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment . . . the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, . . . . .

Title 18 U.S.C. § 4214(b) and (c) concern procedural matters which have no relevance to the problem here presented.

Thus the issue presented here is whether a plea bargain accepted and carried out pursuant to the provisions of Rule 11(e), Fed.R.Crim.P. may be held for naught by the United States Parole Commission under powers granted to it by Title 18 U.S.C. § 4210.

Obviously, this simple question poses constitutional questions of the utmost consequence and complexity. Since those questions are squarely presented by the facts which are before the Court, probably the Court ought to require the parties to brief them, and should then render a decision resolving them, which could be appealed to the higher courts, whose learned decision would be final.

Unfortunately, the pressure of work in the trial courts of the United States has reached a level which precludes scholarly research, however intriguing the questions may be. Most reluctantly, this Court must yield to these realities, and resolve this matter on the basis of practical expediency.

At the time of sentencing, this Court was persuaded that in spite of his bad record, the defendant had reached a turning point in his life, as a result of which to require him to serve more time than was remaining of the sentence under which he was on parole would be counterproductive. This Court considers this reality, combined with the feeling that the Government, no less than its citizens, is morally bound to keep its agreements, is much more compelling than the possible deterrence to other offenders by the example created by requiring the defendant to serve twice as much time as seems appropriate.

This Court is more concerned with the example which this case sets of courts being unable to keep their agreements than with the example of administrative bodies punishing parole violators with great severity.

Since the defendant must serve a longer sentence than this Court felt was necessary, the Court will exercise its statutory power to modify the sentence which it previously imposed upon the defendant, will grant the defendant's motion, and reduce its sentence to imprisonment for the time served by the defendant to the date of this order.

Therefore, for the reasons stated herein, good cause therefor appearing, it is

ORDERED that the motion of the defendant for reduction of sentence should be and the same hereby is, granted; and it is

FURTHER ORDERED that the sentence imposed upon the defendant on July 9, 1976 be and the same hereby is, vacated, set aside, and held for naught; and it is

FURTHER ORDERED, that the defendant be, and he hereby is, committed to the custody of the Attorney General or his authorized representative for the period ending with the date of the entry of this order, upon Count I, and upon Count II, said sentences on both counts to run concurrently with each other.

To all of which findings and judgment of the Court the Government may have its exceptions.

IT IS SO ORDERED.