Milburn WEATHERINGTON, Petitioner,

v.

Richard N. MOORE, United States Marshal for the Western District of Tennessee, et al., Respondents.

No. 77–2059.

United States District Court,
W. D. Tennessee, W. D.

March 14, 1977.

Joe A. Dycus, Asst. Federal Defender, Memphis, Tenn., for petitioner.

Devon L. Gosnell, Asst. U. S. Atty., Memphis, Tenn., for respondents.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

McRAE, District Judge.

On January 28, 1977, a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241(c)(1) and (3), was filed in behalf of Milburn Weatherington by the Public Defender in this District.

Petitioner is presently incarcerated in the Shelby County Jail, Memphis, Tennessee, in the custody of Richard N. Moore, United States Marshal for the Western District of Tennessee, pursuant to a parole violation warrant issued by J. Robert Cooper, Commissioner for the Southeast Region of the United States Parole Commission, a division of the United States Department of Justice.

Petitioner was placed in the Shelby County Jail on or about 28 October 1976 by a deputy United States Marshal, and petitioner has remained there since that time.

Petitioner was sentenced on 14 January 1954 by a United States District Judge for the Western District of Tennessee to twenty (20) years imprisonment for bank robbery.

Petitioner was paroled on 10 March 1964.

In November 1971, petitioner's parole was revoked because he had been convicted of a driving while intoxicated charge in Savannah, Tennessee, on 19 September 1971 and because he was arrested for attempted arson on 11 October 1971; petitioner was returned to a federal penitentiary.

The law in effect at that time provided:

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve. 18 U.S.C. § 4205.

Petitioner was re-paroled on 15 May 1972, with his sentence having a new expiration date of 22 September 1981.

On 15 March 1976 the United States Congress passed into law the Parole Commission and Reorganization Act of 18 U.S.C. §§ 4201–4218, Pub.Law 94–233, 90 Stat. 219, which took effect on 14 May 1976, sixty (60) days after passage.

18 U.S.C. § 4210(b) of the new act provides:

.   .   . [T]he jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced.
.   .   .

It is argued in behalf of the petitioner that the maximum term for which he was

sentenced expired in 1974, twenty (20) calendar years after the judge sentenced him, and that the Parole Commission lost jurisdiction over him for all purposes, custodial and supervisory, on 14 May 1976, the effective date of 18 U.S.C. § 4210(b).

On the other hand it is argued in behalf of the government that the 1971 parole revocation extended the term of the sentence of the petitioner until 1981; therefore the parole authorities had jurisdiction to revoke his parole in January 1977.

Under the former law, 18 U.S.C. § 4205, the maximum term or terms for the purpose of telling when the retaking warrant must have issued was the full length of the sentence from the date of its imposition by the Court, without any good time or any other allowances. However, the provision of the section which disallowed from the time of imprisonment the time when the prisoner was on parole, also extended the *maximum term* by the amount of street time. *Lavendera v. Taylor*, 234 F.Supp. 703, 704 (D.Kan.1964), affirmed, 347 F.2d 989, 10 Cir. By applying that reasoning to the instant case, the maximum term of the petitioner was extended to 1981 when he was returned to federal custody as a parole violator in 1971.

In *Daniels v. Farkas, Warden*, 417 F.Supp. 793 (C.D.Cal.1976), the Court considered whether the current § 4210(b) should be applied retroactively. The Court held it should not in a fact situation where the petitioner's parole revocation hearing had been conducted on 13 May 1976. The Court noted the inequity of its ruling; however, the Court also recognized that a habeas corpus proceeding is not a "purely equitable" one. Implicit in the Court's ruling was a recognition of the fact that the *maximum term* of the petitioner's original sentence has been extended by a prior parole and that the Parole Commission did not automatically lose all jurisdiction over the prisoner on the effective date of § 4210(b).

18 U.S.C. § 4210(a), which also became effective 14 May 1976, provides:

A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

Because the *maximum term* of the petitioner in this case was reestablished in 1971 to a date in 1981, the Parole Commission did not lose jurisdiction of the petitioner on 14 May 1976, the effective date of 18 U.S.C. § 4210(b). That jurisdiction included the right to revoke the parole status that existed on the effective date of the statute.

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus is hereby denied.