**Robert Joyner WHITE, Petitioner-Appellant,**

v.

**WARDEN, UNITED STATES PENITENTIARY, Respondent-Appellee.**

**No. 76–3713.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1977.

As Amended Dec. 20, 1977.

Before BARNES and SNEED, Circuit Judges, and JAMESON, District Judge.*

BARNES, Senior Circuit Judge:

Appellant's petition for a Writ of Habeas Corpus was denied by the District Court on October 1, 1976, and it dismissed the petition.

* Honorable William J. Jameson, Senior Judge, District of Montana, sitting by designation.

There is but one issue. The petitioner urged that the Parole Commission and Reorganization Act, effective May 14, 1976, grants appellant credit for 776 days spent on parole prior to May 14, 1976. The government urges that the Act has no retroactive effect.

Appellant had received a 15 year sentence for bank robbery, and a second consecutive 2 year sentence for perjury, commencing April 30, 1959, when he was first placed in custody. Appellant was released on parole on October 19, 1968, and after 776 days on parole was returned to prison on January 4, 1971 for a parole violation (which was not a conviction for a new crime).

Pursuant to Title 18 U.S.C. § 4205, in effect in 1971, appellant was not given credit for the 776 days because " . . . the time the prisoner was on parole (under such circumstances) shall not diminish the time he was sentenced to serve."

Appellant was again released on parole on August 16, 1971, was convicted of a new crime, and returned to prison again on December 27, 1972. Again, he was not given credit for such parole time, and does not ask for it here.

In 1974 the Supreme Court had before it a legal question similar to that here before us, but with respect to a different statute (*Warden v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 decided June 19, 1974). The general parole statute (prior to May 14, 1976) was 18 U.S.C. § 4202,[1] which, with exceptions, authorized parole to felons with a good prison record after service of ⅓ of their sentences. 26 U.S.C. § 7237(d), relating to *narcotic offenders,* prevented reliance by such offenders on 18 U.S.C. § 4202.

The Comprehensive Drug Abuse Prevention and Control Act of 1970, effective May 1, 1971, made the general parole statute (§ 4202) available for almost all narcotic offenders, by repealing § 7237(d). Before the Supreme Court, Marrero, who was sentenced prior to the effective date of the Act of 1970, claimed, through his habeas corpus petition, his eligibility for parole when ⅓ of his sentence had been served.

The District Court in *Marrero* denied relief on the ground that the prohibition on parole eligibility under 26 U.S.C. § 7237(d) had been preserved on two grounds—(one): by the saving clause (§ 1103(a)) of the 1970 Act (which provides that "prosecutions" for violation before May 1, 1971 (a) shall not be affected by repeal of statutory provisions, and (two): because of the general saving clause (1 U.S.C. § 109): "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute. · · · ")

The Court of Appeals reversed the District Court, and the Supreme Court reversed the Court of Appeals, holding:

"1. Section 1103(a) of the 1970 statute bars the Board of Parole from considering respondent for parole under 18 U.S.C. § 4202, since parole eligibility, as a practical matter, is determined at the time of sentencing, and sentencing is a part of the concept of 'prosecution,' saved by § 1103(a), *Bradley v. United States,* 410 U.S. 605. Pp. 657–659, 93 S.Ct. 1151, 35 L.Ed.2d 528.

"2. The Board of Parole is also barred by the general saving clause from considering respondent for parole, since it is clear that Congress intended ineligibility for parole in § 7237(d) to be treated as part of the offender's 'punishment,' and therefore the prohibition against the offender's eligibility for parole under 18 U.S.C. § 4202 is a 'penalty, forfeiture, or liability' under the saving clause. Pp. 659–664. 483 F.2d 656, reversed." *Warden v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

---

1. 18 U.S.C. § 4202, as existing prior to May 14, 1976 states:

"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of life sentence or of a sentence of over forty-five years."

We next consider the effect of the passage by the Congress of Public Law 94–233, The Parole Commission & Reorganization Act (hereafter the Parole Act).

Under it, parole may be revoked when the parolee commits a crime while on parole, or when no additional crime has been committed by him while on parole, i. e., when the parolee has violated the terms of his order of parole, other than by committing a new crime.

Section 4210(b) of the Act provides the jurisdiction of the new Commission over a parolee shall terminate no later than the date of expiration of the maximum term or terms for which he was sentenced, but with two exceptions:

*One,* it permits extension of the term under § 4210(b)(1) if either § 4164 (mandatory releases) or § 4211 (early termination of parole) is applicable; and under § 4210(b)(2) if the parolee is convicted of a new crime, which is punishable by detention or incarceration; and

*Two,* under § 4210(c), if the parolee has intentionally refused, or failed to respond, to any reasonable request, order, summons or warrant of the Commission, etc.

The new act then does modify the effect of a revocation when that revocation was not due to the commission of a new crime.[2] We find nothing in the Act, however, to indicate this modification was to apply retroactively. Had the Congress intended it was to apply retroactively, it would have been a simple procedure to have said so in their ultimate product.

We must assume the lawmakers were aware of the existence of 1 U.S.C. § 109, which specifically asserts that:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, *unless the appealing Act shall so expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining proper action or prosecution for the enforcement of such penalty, forfeiture, or liability incurred under such statute." (Emphasis added.)

The rule of § 109 has been held to apply not only to "the repeal of any statute," but to "amendments to any statute." 18 U.S.C. § 4164 was passed in 1948, and *amended* on June 29, 1951. Title 1 U.S.C. § 109 has been applied to parole revocations. In a Tenth Circuit case, a parolee, Moorehead, had his parole revoked under the unamended § 4164. He had committed a violation prior to June 29, 1951, but had not been tried or recommitted on the new violation. *Moorehead v. Hunter,* 198 F.2d 52 (10 Cir. 1952). The Tenth Circuit held that the application of the old provision of law was proper, even though imposed after the effective date of the amended statute.

The Supreme Court of the United States has recently decided a case involving the new Act. (*Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)), and more particularly, the issuance by the Commission of an unexecuted parole violator warrant. Although no direct holding on the retroactivity of the Act was enunciated, the court dealt with "the Board's general practice before passage of the 1976 Act." (Id. 84, 97 S.Ct. 277). The parolee sought to obtain an immediate hearing on the issue of the violation of his parole, asserting he had "protected liberty interests in both the length and condition of his confinement." (Id. 85, 97 S.Ct. 278).

The court held "that there is no requirement for an immediate hearing" (Id. 86, 97 S.Ct. 278), and that petitioner "has been deprived of no constitutionally protected right." (Id. 89, 97 S.Ct. 280).

Appellant states in his opening brief that apparently there is only one reported case dealing with this issue: *Daniels v. Farkas,* 417 F.Supp. 793 (C.D.Cal.1976).

It holds against the position he here advocates, reading in relevant part:

---

2. The legislative history states:

"The standards for release on parole and for revocation of parole are not significantly changed from existing law."

1976 U.S.Code Congressional & Administrative News, p. 339.

"Petitioner contends that under 18 U.S.C. § 4210(b) his custody is illegal in that he is entitled to receive credit toward completion of his sentence for the time upon which he was on parole. If such time is added to the time already served in custody, the lawful jurisdiction of the respondents over him has terminated and petitioner's immediate release is mandatory.

"Section 4210(b), which became effective on May 14 of this year states in part:

'Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced . . .'

Two exceptions are provided to the statute which are not applicable here.

"Petitioner contends that as a result of the passage of this section, the jurisdiction of the respondent has already ended and that therefore, this writ should issue. Petitioner bases his calculation upon having served four years in prison and having accumulated over three years of 'good time' while on parole. The issue thus presented does not involve an evaluation of petitioner's calculations, but upon a consideration of the retroactivity of this new section.

'█ Section 4210(b) clearly indicates and intends that a prisoner is to receive credit for that time which he has served on parole. The section previous to this, 18 U.S.C. § 4205 (which was repealed at the time § 4210(b) came into effect) stated that:

'The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time prisoner was on parole shall not diminish the time he was sentenced to serve.'

Petitioner was treated under [18 U.S.C. § 4205, the 'previous section'] as his latest parole revocation hearing took place prior to the May 14, 1976 effective date of the new statute.

'█ █ Were this a purely equitable proceeding I would be inclined to grant petitioner's request for the writ. But the suit for a writ of habeas corpus is not purely equitable and the precedent concerning a brand new statute is at issue. While it is true that petitioner was originally sentenced in 1967 to a maximum possible sentence of five years and he is currently in prison 9 years later, and that if a parole revocation hearing were held under the new statute today he would be out of prison now, the fact remains that there is no indication in § 4210(b) that the section was to be given retroactive effect to hearings before May 14, 1976. Senator Burdick, the chairman of the committee recommending the committee report containing this section to the Senate, indicated that:

'This legislation is prospective in its application. Decisions to grant, deny, modify or revoke parole made by the parole agency prior to the effective date of this act are to be carried out pursuant to the law in effect at the time of the decision.' Congressional Record. Vol. 122. No. 28 at p. 2572–73.

While it is true that the mere comments of one Senator on a piece of proposed legislation is in no way binding on this court, the comments do seem to follow the dictates of logic. Since there is no retroactivity claim in the section, the better view seems to dictate only prospective application. The alternative would be a reconsideration of all prisoners in federal custody that were out on parole for some period of time and then brought back into custody on a parole violation warrant. It would not seem to be the intent of Congress to give new hearings and release any prisoner who was a parole violator with substantial time added up between prison time and street time."

We have found a later case in which the issue of retroactivity was raised but not ruled upon. In *United States v. Burton*, 422 F.Supp. 1055 (1976), petitioner filed a motion for a reduction of sentence. The issue was defined as

"whether a plea bargain accepted and carried out pursuant to the provisions of Rule 11e, Fed.R.Crim.P. may be held for naught by the United States Parole Commission under powers granted to it by Title 18 U.S.C. § 4210."

The court raised but did not decide the retroactivity issue. It solved its problem neatly by reducing the sentence to time served.

We have also considered the latest case we have found: *Weatherington v. Moore*, 431 F.Supp. 515 (W.D.Tenn.) (decided March 14, 1977). There the court stated:

"18 U.S.C. § 4210(b) of the new act provides:

". . . [T]he jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced. . . .

It is argued in behalf of the petitioner that the maximum term for which he was sentenced expired in 1974, twenty (20) calendar years after the judge sentenced him, and that the Parole Commission lost jurisdiction over him for all purposes, custodial and supervisory, on 14 May 1976, the effective date of 18 U.S.C. § 4210(b).

"On the other hand it is argued in behalf of the government that the 1971 parole revocation extended the term of the sentence of the petitioner until 1981; therefore the parole authorities had jurisdiction to revoke his parole in January 1977.

"Under the former law, 18 U.S.C. § 4205, the maximum term or terms for the purpose of telling when the retaking warrant must have issued was the full length of the sentence from the date of its imposition by the Court, without any good time or any other allowances. However, the provision of the section which disallowed from the time of imprisonment the time when the prisoner was on parole, also extended the *maximum term* by the amount of street time. *Lavendera v. Taylor*, 234 F.Supp. 703, 704 (D.Kan. 1964), affirmed, 347 F.2d 989, 10 Cir. By applying that reasoning to the instant case, the maximum term of the petitioner was extended to 1981 when he was returned to federal custody as a parole violator in 1971."

The Tennessee court then referred to the *Farkas* case *supra*, saying:

". . . Implicit in the Court's ruling was a recognition of the fact that the *maximum term* of the petitioner's original sentence has been extended by a prior parole and that the Parole Commission did not automatically lose all jurisdiction over the prisoner on the effective date of § 4210(b).

"18 U.S.C. § 4210(a), which also became effective 14 May 1976, provides:

"A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

"Because the *maximum term* of the petitioner in this case was reestablished in 1971 to a date in 1981, the Parole Commission did not lose jurisdiction of the petitioner on 14 May 1976, the effective date of 18 U.S.C. § 4210(b). That jurisdiction included the right to revoke the parole status that existed on the effective date of the statute.

"IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus is hereby denied."

We understand that the *Farkas* case was appealed to this Court, but was dismissed for being moot at the time of hearing. We are advised by the Clerk of the District Court of the Western District of Tennessee that an appeal was taken in the *Weatherington* case, but no ruling has been made by the Sixth Circuit.

To determine the issue presented herein, there being such a scarcity of opinions on the subject (particularly in the appellate courts) presents a difficult problem. However, after a careful analysis of all cases found, we conclude that on the present state of the law heretofore enunciated (1) there being in the Act "no explicit language or necessary implication" that it should be considered retroactive; (2) the existence

**62**

and previous interpretation of the general saving clause of 1 U.S.C. § 109; (3) the express provisions of 18 U.S.C. § 4210(a) and (b); (4) the result in the *Farkas* and *Weatherington* cases; (5) the reasoning in Judge Williams' opinion in *Farkas* with respect to the immense burden on the Parole Commissioners if there is to be more than prospective application of the Act, we conclude that the better view is to hold the Act a non-retroactive statute, in accordance with the general rule. That we do.

Adopting this view, it becomes unnecessary for us to comment or decide the second issue relied upon by the district judge in his dismissal of the petition—namely, the exhaustion of petitioner's remedies.

AFFIRMED.