Arthur John **DE PERALTA**, Plaintiff-Appellant,

v.

William **GARRISON**, Warden of the Federal Correctional Institution at Pleasanton, CA, Defendant-Appellee.

No. 77–2182.

United States Court of Appeals, Ninth Circuit.

May 24, 1978.

Frank R. Ubhaus (argued), of Humphreys, Berger & Pitto, San Jose, Cal., for plaintiff-appellant.

Erick J. Swenson (argued), San Francisco, Cal., for defendant-appellee.

Before CARTER, Senior Circuit Judge, HUG, Circuit Judge, and HAUK, District Judge.*

HAUK, District Judge:

This case is an appeal from an order of the United States District Court for the Northern District of California (Hon. Robert F. Peckham, J.) denying petitioner-appellant De Peralta's petition for a writ of habeas corpus.

The parties do not dispute the pertinent facts. On May 14, 1973, the United States District Court for the Northern District of California sentenced appellant De Peralta to the custody of the Attorney General for 10 years under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(c), following De Peralta's plea of guilty to one count of bank robbery, 18 U.S.C. § 2113(a). Just over 3 years later, on August 12, 1976, De

---

* Hon. A. Andrew Hauk, United States District Judge for the Central District of California, sitting by designation.

Peralta received his initial parole review hearing before a hearing panel of the United States Parole Commission. De Peralta had received a very favorable institutional adjustment report and apparently expected to be paroled. In pertinent part, the report stated:

Mr. De Peralta has been in custody for a total of thirty-six months. His institutional adjustment has been excellent both at El Reno and Pleasanton as is reflected in previous progress reports. He has completed all of his goals with the exception of work release but the work release program appears feasible within the near future. Mr. De Peralta has established firm release plans. He has employment and will be residing with his wife in San Jose, California. It is felt that Mr. De Peralta has benefitted maximally from institutional resources at this time and it is recommended that he be granted parole during September, 1976, to an approved plan.

Despite the recommendations in the report, the Parole Commission hearing panel recommended that parole release to De Peralta be denied and that reconsideration of his parole release be continued for one year. The hearing panel felt that appellant's release at that time would depreciate the seriousness of his offense. The hearing panel then referred the matter to the National Commissioners of the United States Parole Commission.

On September 10, 1976, the National Commissioners affirmed the decision of the hearing panel. In affirming the hearing panel, the National Commissioners stated their reasons, which form the heart of this case, as follows:

Your offense behavior has been rated as greatest severity because the offense involved hostages being taken in an attempted escape from apprehension and necessitated the firing of weapons by law enforcement authorities in the performance of their duty according to a Classification Summary dated June 26, 1973. You have a salient factor score of 7. You have been in custody a total of 39 months. Guidelines established by the Commission for youth cases which consider the above factors indicate a range of more than 32 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that your release at this time would depreciate the seriousness of your offense behavior and thus is incompatible with the welfare of society. Commission guidelines for greatest severity cases do not specify a maximum limit. Therefore the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behaviors—and time ranges specified—in the very high severity category.

The National Commissioners then stated that appellant's next parole review would take place within 24 months.

The appellant then appealed to the Regional Commissioner of the United States Parole Commission. On October 27, 1976, the Regional Commission affirmed the prior decision, stating that the reasons given by the National Commissioners supported their order.

Appellant then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the denial of parole release. In his petition, appellant argued that the reasons given by the Parole Commission for denying him parole violate the Youth Corrections Act, that the claimed application of a new regulation expressly authorizing the Parole Commission to consider offense severity in making parole release decisions violated the double jeopardy clause when applied to appellant, and that the 24-month continuance of a parole hearing violated applicable statutes. On March 1, 1977, Judge Peckham denied appellant's petition for habeas corpus, rejecting each of the appellant's arguments and noting that De Peralta had "held a loaded magnum at the head of a young woman and made her drive an automobile at fantastic speeds around San Jose for about 45 or 50 minutes."

Appellant, who is currently incarcerated at Pleasanton, noticed his appeal on March 15, 1977. The Court has jurisdiction under 28 U.S.C. § 2253.

Appellant De Peralta has raised three issues on appeal:

1. Did application of 28 C.F.R. § 2.20 to De Peralta violate the ex post facto clause of the U. S. Constitution?

2. Did application of 28 C.F.R. § 2.20 to De Peralta violate the constitutional double jeopardy clause?

3. Did the United States Parole Commission's denial of parole release to him violate the Youth Corrections Act?

Essentially, De Peralta argues that, in denying his request for parole, the Parole Commission made use of law and regulations enacted after he was sentenced and that this action, because it effectively increased the time he would have to spend incarcerated prior to release on parole, violated both the ex post facto clause, U.S. Const. art. I, § 9, cl. 3, and the double jeopardy clause, U.S.Const. amend. V.

■ A review of the relevant statutes and regulations and this Court's recent decision in *White v. Warden*, 566 F.2d 57 (9th Cir. 1977), demonstrates that the Parole Commission should not have relied on the law and regulations added in 1976. Accordingly, we believe that we should remand this case to the District Court so that it may return the matter to the Parole Commission for reconsideration and determination under the law in effect at the date of De Peralta's sentencing, to wit, May 14, 1973.

On March 15, 1976, Congress enacted the Parole Commission and Reorganization Act, Pub.L. No. 94–233, 90 Stat. 219, 18 U.S.C. § 4201 et seq. The Act provided that, with one exception, 18 U.S.C. § 4208(h), it would take effect 60 days after its enactment. Pub.L. No. 94–233, § 16(b). Thus, the provisions of the Parole Commission and Reorganization Act became effective on May 14, 1976. See *White v. Warden*, 566 F.2d 57, 58 (9th Cir. 1977).

Section 2 of the Act provides, in pertinent part, that the Parole Commission may consider certain factors in determining parole eligibility. These criteria include two factors relevant in this case: (1) whether release would "depreciate the seriousness of his offense or promote disrespect for the law," 18 U.S.C. § 4206(a)(1); and (2) whether release would "jeopardize the public welfare," 18 U.S.C. § 4206(a)(2). The Parole Commission, pursuant to 18 U.S.C. § 4203, established guidelines to be used in making parole release determinations. These regulations, added on May 12, 1976, and June 3, 1976, also provide that the offender's offense severity may be taken into account in determining his parole eligibility. 28 C.F.R. § 2.20. Since 1976, the provisions of these statutes and regulations apply to youth offenders. See 18 U.S.C. § 5017(a).

Here in this case, De Peralta's parole hearing took place on August 13, 1976, approximately 3 months after the effective date of the new Parole Commission and Reorganization Act. At that parole hearing, the Parole Commission hearing panel referred to De Peralta's offense severity in denying him parole and the National Commissioners likewise referred to factors set forth in the new Act and Regulations, 18 U.S.C. § 4206 and 28 C.F.R. § 2.20, in denying De Peralta parole release.

In *White v. Warden*, 566 F.2d 57 (9th Cir. 1977), however, this Court held that the Parole Commission and Reorganization Act cannot be applied retroactively. Thus, the Parole Commission, to the extent that it did do so, should not have relied upon the 1976 Act or the Regulations implemented pursuant thereto in denying De Peralta release on parole. Rather, the Commission could and should have applied the law in force at the time De Peralta was sentenced in determining whether parole release for De Peralta was appropriate. See *White v. Warden*, *supra*.

■ Under the law in effect at the time De Peralta was sentenced, the Youth Corrections Act, 18 U.S.C. § 5010, the Parole Commission should have considered whether De Peralta was rehabilitated in deciding

752

whether to release him on parole. See *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Since the Parole Commission did not consider whether De Peralta had been sufficiently rehabilitated, but rather seems to have considered only the severity of his offense, we remand this case to the District Court so that it may send the matter back to the Parole Commission for reconsideration and determination of De Peralta's release on parole under the standards for parole release of youth offenders in effect prior to the enactment of the Parole Commission and Reorganization Act of 1976.

REMANDED IN ACCORDANCE HEREWITH.