PHILLIPS, Chief Judge.
The sole issue in this appeal is whether 18 U.S.C.A. § 4210(b) (Supp.1977) operates retroactively to deprive the United States Parole Commission of jurisdiction over a person whose original sentence expiration date has been extended prior to the effective date of this enactment. In an order published at 431 F.Supp. 515 (W.D.Tenn.1977), District Judge Robert M. McRae, Jr., concluded that the statute should not be given retroactive effect and denied the petition for a writ of habeas corpus. We affirm.
I.
Appellant, Milburn Weatherington, was sentenced January 14, 1954, to a maximum term of twenty years imprisonment for bank robbery and first was paroled in March 1964. His parole was revoked in November 1971, and, pursuant to a now-repealed statute, 18 U.S.C. § 4205,[1] the new expiration date of his sentence became Sep *1074 tember 22, 1981. Appellant was paroled again in May 1972.
Subsequently, Congress enacted the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 et seq., Pub.Law 94-233, 90 Stat. 219, which became effective May 14, 1976. Section 4210(b) of the Act replaces the former § 4205 and provides in part:
Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced .
This section substantially alters prior law by giving the parolee credit toward service of his sentence for time previously spent in prison and for time previously spent on parole.[2]
Appellant was arrested on the present parole violation warrant in October 1976. His parole was revoked after a hearing January 25, 1977, and appellant was ordered returned to the penitentiary. On January 28, 1977, appellant filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(1), (3). Appellant contends that the “maximum term” for which he was sentenced expired in 1974, twenty years after his conviction for robbery. Therefore, appellant argues that the Parole Commission lost jurisdiction over him on May 14, 1976 (the effective date of § 4210(b)) and that a writ of habeas corpus should issue.
The Government, on the other hand, argues that because the 1971 parole revocation extended the “maximum term” of appellant’s twenty year sentence until September 22,1981, the Parole Commission had jurisdiction to revoke his parole in January 1977.
In denying the petition for a writ of habeas corpus, the district court concluded that § 4210(b) should not be applied retroactively to deprive the Parole Commission of jurisdiction over appellant. The district court reasoned that:
Because the maximum term of the petitioner in this case was reestablished in 1971 to a date in 1981, the Parole Commission did not lose jurisdiction of the petitioner on 14 May 1976, the effective date of 18 U.S.C. § 4210(b). That jurisdiction included the right to revoke the parole status that existed on the effective date of the statute. 431 F.Supp. at 517. This appeal was filed March 21, 1977.
II.
Upon a review of pertinent legislative history[3] and § 4210(b) itself, we find no indication that the section was to be given retroactive effect to hearings conducted before May 14, 1976. Regulations published by the Parole Commission in 28 C.F.R. § 2.57 (1976) support this conclusion and provide:
§ 2.57 Effective date.
The effective date of the regulations in this Part shall be May 14, 1976. Any order of the United States Board of Parole entered prior to May 14,1976, including, but not limited to, orders granting, denying, rescinding or revoking parole or mandatory release, shall be a valid order of the United States Parole Commission according to the terms stated in the order.
Senator Burdick, in submitting the report of the conference committee to the Senate, stated that:
This legislation is prospective in its application. Decisions to grant, deny, modify, or revoke parole made by the parole agency prior to the effective date of this act are to be carried out pursuant to the law in effect at the time of the decision. *1075 Examples of prospective application of the provisions of this legislation include, but are not limited to, the length of time between hearings for a prisoner denied parole — section 4208(h) — and computation of time remaining to be served for individuals whose parole has been revoked— section 4210(b) — and provisions relating to termination of parole supervision — section 4211.
122 Cong.Rec. S2,573 (daily ed. Mar. 2, 1976).
Applying these clear declarations of congressional intent to the present case, we conclude that because the maximum term of appellant’s sentence was validly extended [4] until 1981 prior to the effective date of § 4210(b), the Parole Commission had jurisdiction to revoke the parole status that existed on the effective date of the statute.
The Ninth Circuit recently reached a similar conclusion in White v. Warden, United States Penitentiary, 566 F.2d 57 (9th Cir. 1977), in which the court held that the Parole Commission and Reorganization Act should not be given retroactive effect. See also Daniels v. Farkas, 417 F.Supp. 793, 794 (C.D.Cal.1976).
The Government argues further that to construe the repeal of 18 U.S.C. § 4205 as eliminating the penalties imposed through parole revocation hearings made pursuant to that statute would contravene 1 U.S.C. § 109 which provides in part:
The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability, (emphasis added).
This court likewise has stated that the presumption lies in favor of prospective application of a statute, in the absence of a congressional declaration of retroactivity.
In Taliaferro v. Stafseth, 455 F.2d 207 (6th Cir. 1972), an action involving the Federal Highway Act of 1968, this court noted that:
A statute will not be given retroactive effect in the absence of a clear declaration of retroactivity by Congress. Rushton v. Schram, 143 F.2d 554 (6th Cir.) It is incumbent upon the person who argues for retrospective application to show that Congress intended for the Act to be applied in that fashion. Id. at 209.
Appellant has failed to show a “clear declaration of retroactivity by Congress.”
Affirmed.

. 18 U.S.C. § 4205 provided:
A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to .the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.

. See H.R.Conf.Rep. No. 94-838, 94th Cong., 2d Sess., reprinted in [1976] U.S.Code Cong. & Admin.News pp. 351, 364.

. See generally S.Rep. No. 94-369 94th Cong., 1st Sess. (1975); H.R.Rep. No. 94-184, 94th Cong., 2d Sess. (1976); H.R.Conf.Rep. No. 94-838, 94th Cong., 2d Sess. (1976); S.Conf.Rep. No. 94-648, 94th Cong., 2d Sess. (1976); 121 Cong.Rec. 15,700-15 (1975) (House debates); 121 Cong.Rec. 28,829-33 (1975) (Senate debates); 122 Cong.Rec. S2.572 (daily ed. Mar. 2, 1976) (conference report); 122 Cong.Rec. HI,499 (daily ed. Mar. 3, 1976) (conference report).

. The maximum term of appellant’s sentence was extended by the amount of time he had spent on parole. See Lavendera v. Taylor, 234 F.Supp. 703, 704 (D.Kan.1964), affd, 347 F.2d 989 (10th Cir. 1965).