**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0414n.06**
**Filed: June 19, 2006**

**No. 05-5199**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

GREGORY W. GOINS,

    **Defendant-Appellant.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

**O P I N I O N**

---

**BEFORE: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.**[*]

**LEON JORDAN, District Judge.** A jury convicted appellant Gregory Goins of eight counts of engaging in a sexual act with a federal inmate in violation of 18 U.S.C. § 2243(b); one count of causing an inmate to engage in a sexual act by threatening or placing in fear in violation of 18 U.S.C. § 2242(1); and one count of making a fraudulent or materially false statement in violation of 18 U.S.C. § 1001(a)(2). Challenging the government's use of allegedly inadmissible testimony, and citing the denial of his right of allocution, Goins appeals both his conviction and his sentence.

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

We are not persuaded that the district court committed plain error requiring reversal of the conviction. However, the denial of the right of allocution necessitates a remand for resentencing.

I.

Goins formerly worked as a correctional officer at the Atwood Prison Camp at the Federal Medical Center in Fayette County, Kentucky. His criminal charges pertained to alleged ongoing sexual relationships with Atwood inmates Tina McCurdy and Jaki Cain.

At trial, appellant denied engaging in any inappropriate conduct with any prisoner. He characterized himself as a devoted family man in "a strong, committed relationship[.]" Trial witnesses included Goins's accusers, other inmates, and Sarita Havens, a prison nurse with whom he had an affair.

Appellant argues that the fairness of his trial was significantly affected by excessive hearsay and otherwise prejudicial testimony.[1] In addition to the questioning of Ms. Havens, appellant cites approximately twenty instances of alleged hearsay, none of which was objected to by his trial counsel and none of which was addressed by the district court.

II.

Because he did not object to any of the testimony of which he now complains, we review for plain error. *United States v. Cowart*, 90 F.3d 154, 157 (6th Cir. 1996). "The plain error doctrine mandates reversal only in exceptional circumstances and only where the

---

[1] Neither party argues that *Crawford v. Washington*, 541 U.S. 36 (2004), applies to this case.

error is so plain that the trial judge and prosecutor were derelict in countenancing it." *United States v. Slone*, 833 F.2d 595, 598 (6th Cir. 1987) (citations and quotations omitted). Plain error analysis requires: (a) an error in the district court that was; (b) clear or obvious, which both; (c) impacted the defendant's substantial rights by affecting the outcome below; and (d) seriously affected the integrity, fairness, or public reputation of the proceedings. *United States v. Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993).

As for the testimony of rebuttal witness Havens, appellant argues that her acknowledgment of their affair was admitted in violation of Federal Rules of Evidence 403 and 404(b). Goins contends that the testimony was inadmissible evidence of prior bad acts offered to show action in conformity therewith. *See* Fed. R. Evid. 404(b). He further argues that, even if relevant, Ms. Havens's testimony was inadmissible because the probative value was substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

At trial, appellant characterized "the female inmates . . .[as] bank robbers and crack dealers" and himself as a "good officer . . . with an otherwise good reputation among his neighbors [and] his family[.]" He initially testified that Havens was merely "a friend of mine at work" but then equivocally acknowledged on cross-examination that he had "met [her] on occasions outside the institution[.]" Given the ambiguous character of this statement, the testimony of rebuttal witness Havens (that they did in fact have an affair) was only partially cumulative of appellant's testimony.

Relevant, probative evidence of other bad acts can be admissible for impeachment purposes. *See United States v. DeClue*, 899 F.2d 1465, 1472 (6th Cir. 1990). The government was entitled to disprove appellant's primary defense - his sweeping claims of marital commitment and family devotion. *See United States v. Markarian*, 967 F.2d 1098, 1103 (6th Cir. 1992) (where defendant broadly denied ever selling drugs, rebuttal testimony regarding prior cocaine deal was "not collateral to" the instant heroin prosecution).

Evidence of the Havens affair was relevant to dispelling appellant's claim that he would never have an affair *with anyone*. Through both his defense and his equivocal testimony, appellant "invited precisely the sort of impeachment that the district court allowed in this case. 'We have repeatedly insisted that when defendants testify, they must testify truthfully or suffer the consequences.'" *Id.* (quoting *United States v. Havens*, 446 U.S. 620, 626 (1980)). Further, the district court immediately cut off the government's questioning of Havens on that issue. In view of "the broad scope of allowable impeachment evidence" and "the significant discretion left to the trial court in this area," *Markarian*, 967 F.2d at 1103, the district court did not commit plain error. *See United States v. Cooper*, 577 F.2d 1079, 1089 (6th Cir. 1978) (district court's failure to *sua sponte* give a cautionary instruction regarding other acts evidence is not plain error unless the evidence is extremely prejudicial and of limited relevance).

Next, as noted, appellant questions the admission of approximately twenty alleged hearsay statements appearing in the more than six hundred pages of trial testimony

transcript. Two of these statements were elicited by Goins's own trial attorney. We will not allow appellant to now criticize the district court for hearsay generated by his own counsel.

As for the other challenged testimony, we agree that at least most of these statements contain one or more layers of hearsay.[2] However, none of this evidence standing alone would appear to rise to the level of plain error.

Each statement was cumulative of Cain and McCurdy's live testimony. *See United States v. Trujillo*, 376 F.3d 593, 612 (6th Cir. 2004) (finding admission of hearsay to be harmless error in part because it was merely cumulative of "other significant admissible evidence[.]"). Further, declarants Cain and McCurdy were subject to cross examination by appellant's trial counsel, and appellant himself testified. He thus had a fair opportunity to challenge the evidence at trial. We are therefore not convinced that the district court's failure to exclude the multiple hearsay statements seriously affected the integrity, fairness, or public reputation of the proceedings, or that this error affected the outcome below.

---

[2] We reject the government's argument that much of this testimony was not hearsay, under Rule 801(d)(1)(B) of the Federal Rules of Evidence, because it was offered to rebut a charge of recent fabrication by McCurdy and Cain. "In order to secure admissibility under Rule 801(d)(1)(B), the declarant must have made the prior consistent statements before the motive to fabricate or improper influence or motive arose." *United States v. Toney*, 161 F.3d 404, 408 (6th Cir. 1998). The district court made no factual finding as to when the accusers allegedly formed a motive to lie, and the government's briefing on that point is not persuasive. It is error for a district court to allow 801(d)(1)(B) testimony without rendering a factual finding as to when the declarants formed their motive to lie. *See United States v. Trujillo*, 376 F.3d 593, 610-11 (6th Cir. 2004); *see also United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) ("the proponent of evidence has the burden of proof and must lay appropriate foundation").

III.

Even so, under the cumulative error doctrine, the combined effect of individually harmless errors may be so prejudicial as to render a trial fundamentally unfair. *See Trujillo*, 376 F.3d at 614. "This is so because errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone ... may cumulatively produce a trial setting that is fundamentally unfair." *Id.* (citations and quotations omitted).

We have reviewed the admissible evidence in this case, including appellant's phone records and those portions of the trial transcript contained in the joint appendix. We conclude that the limited, unobjected-to hearsay did not, when viewed in the context of more than six hundred pages of trial testimony, cause the proceeding to be fundamentally unfair. Goins's conviction will therefore be affirmed.

IV.

Lastly, Rule 32 of the Federal Rules of Criminal Procedure requires that "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]" Fed. R. Crim. P. 32(i)(4)(A)(ii). Denial of this right of allocution is reversible error. *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004).

Although appellant did not raise an objection to the denial of allocution at sentencing, claims of complete denial of allocution are reviewed *de novo*. *Id.* at 926 n.3. As the government correctly concedes, the district court did not comply with Rule

32(i)(4)(A)(ii). Appellant's sentence must accordingly be vacated and his case remanded for resentencing to allow him the right of allocution.

V.

For the reasons provided, we **AFFIRM** appellant's conviction. His sentence is, however, **VACATED** and this matter is **REMANDED** for resentencing.