# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-60176
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REGINALD LEVAND JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:06-CR-63-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Reginald Johnson was convicted under the Armed Career Criminal Act.
He raises four issues on appeal: (1) that prosecutors made prejudicial and un-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

supported comments during closing arguments which denied him a right to a fair trial; (2) that the evidence was insufficient to support the verdict; (3) that the district court erred in allowing prejudicial evidence of his past criminal conduct; and (4) that the court improperly instructed the jury on deliberate indifference and flight. We affirm.

I.

After receiving several suspicious reports regarding a black Ford Explorer, a police officer observed Johnson and another individual enter a black Explorer backed into a residential carport. The officer followed the Explorer, and after noticing suspicious movement inside the vehicle activated his lights. A high-speed chase ensued, with the vehicle careening into an apartment complex after both passengers had leaped out and fled on foot. The officer caught up with Johnson, who continued to resist arrest but was eventually subdued. The other passenger, Bernard Ferguson, was also detained.

In the back of the Explorer, among other items, officers found a television, a computer, two rifles, and a handgun. An officer testified that the items were found in the open and were not shielded by blankets or wrapping. All the items, including the guns, were reported stolen by the owner of the residence and were returned. Although Johnson claimed the Explorer, the license plates were registered to another vehicle. Ferguson was separately charged in state court and convicted of residential burglary.

Johnson was indicted in federal court for possession of a firearm by a convicted felon. He stipulated to a prior felony conviction but contended that he had only agreed to pick up Ferguson, had not participated in the burglary, and was unaware of the presence of the guns. At trial, Ferguson took the stand for the defense and testified that he alone had burglarized the residence and that Johnson remained in the car while Ferguson loaded the contents into the truck. On

cross-examination, Ferguson testified that Johnson had not backed the car into the carport and had not come near the house.

In rebuttal, the government called Sheldon Brady, who testified regarding a residential burglary he had committed with Johnson seven years earlier. The government also called probation officer Melvin Edwards, who had prepared the pre-sentence report for Johnson's 1996 conviction and who testified that Johnson had denied knowledge of that burglary and sought to blame it on Brady, who Johnson claimed had merely asked for a ride. The jury returned a guilty verdict and found a violation of the Armed Career Criminal Act.

## II.

Where a defendant fails to object contemporaneously to a prosecutor's remarks, we review for plain error. United States v. Mares, 402 F.3d 511, 515 (5th Cir. 2005). When reviewing whether the evidence is sufficient to sustain a verdict, we examine "all the evidence in the light most favorable to the verdict" and affirm if "the evidence is such that a rational trier of fact could have found the requisite elements of the offence beyond a reasonable doubt." United States v. Thomas, 120 F.3d 564, 569 (5th Cir. 1997). We review the district court's evidentiary rulings for abuse of discretion, see United States v. Fields, 483 F.3d 313, 341 (5th Cir. 2007), and, if the defense fails to object, for plain error. United States v. Smith, 354 F.3d 390, 396 n.7 (5th Cir. 2003). In light of district court's substantial latitude in formulating jury charges, we review for abuse of discretion. United States v. Webster, 162 F.3d 308, 321-22 (5th Cir. 1998).

## III.

Johnson argues that several comments by the prosecutor in closing argument had a prejudicial effect on the jury. The prosecutor argued that Ferguson, the defense's lone witness, had perjured himself from the stand. He also sought

to tie Ferguson to the burglary and allegedly vouched for the credibility of Deputy Ricky Spratlin, a government witness.

Counsel is afforded great latitude in making closing argument, and "[w]e do not lightly make the decision to overturn a criminal conviction on the basis of a prosecutor's remarks alone." United States v. Virgin-Moreno, 265 F.3d 276, 290 (5th Cir. 2001) (citing United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989)). In reviewing allegedly improper closing arguments, the determinative question is "whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." Mares, 402 F.3d at 515 (citing Virgin-Moreno, 265 F.3d at 290). As an initial matter, the defendant must show that the prosecutor's remarks were improper. See id.

The remarks were unobjectionable. Ferguson's testimony was contradicted by numerous other witnesses, and it was appropriate for the prosecutor to stress that all accounts could not be true. Evidence of the burglary was intrinsic to the charged offense, and Johnson's principal defense was to deny knowledge of or participation in the burglary, thus inviting argument that his participation had been established. Finally, defense counsel accused Deputy Spratlin of overzealous investigation during his closing remarks, inviting the prosecutor's rejoinder emphasizing Spratlin's distinguished service. The prosecutor's closing remarks did not deny Johnson a fair trial.

IV.

Johnson argues that the evidence was insufficient to demonstrate that he had knowing possession of the firearms. He relies on Ferguson's testimony that Johnson did not participate in the burglary and on the absence of any eyewitness account of Johnson carrying the guns.

Given the inconsistencies between Ferguson's testimony and numerous government witnesses, the jury was entitled to disbelieve Ferguson's statement

that he was the sole burglar. The government presented evidence that Johnson was present in the area of the residence before the burglary and was seen walking from behind the Explorer before entering the driver's seat under the carport. The jury also heard evidence that Johnson fled on seeing the police, first engaging in an automobile chase and later fleeing on foot and physically resisting arrest. The evidence supports a finding both that Johnson participated in the burglary and that he fled because he was aware of the stolen goods and weapons in the back of the car. A reasonable fact-finder could determine beyond a reasonable doubt that Johnson knew he was in possession of weapons.

V.

Johnson contends that evidence of the residential burglary was admitted in violation of Rule 404(b) of the Federal Rules of Evidence. "Evidence of an uncharged offense arising out of the same transactions as the offences charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred by the rule." United States v. Maceo, 947 F.2d 1191, 1199 (5th Cir. 1991) (citing United States v. Simpson, 709 F.2d 903, 907 (5th Cir. 1983). Johnson was indicted for possession of a firearm, which allegedly occurred during the course of a residential burglary. Evidence of the residential burglary was intrinsic and is not governed by rule 404(b).

Evidence of the earlier burglary was presented in rebuttal, after Ferguson had testified for the defense that Johnson did not participate in the robbery and was not aware of the contents of the Explorer. The district court and defense counsel warned Johnson that evidence of the prior offense might be admissible if Ferguson took the stand. The court determined that the prior offense was probative as to lack of mistake and as to common scheme or plan, because the prior burglary was carried out in a very similar manner to the instant burglary and contradicted Johnson's argument that he had no knowledge of the burglary.

The "balancing of probative value against prejudicial effect is committed to the sound discretion of the trial judge," United States v. Thompson, 837 F.2d 673, 677 (5th Cir. 1988), and we cannot say that he abused his discretion.  District courts generally should give a limiting instruction when rule 404(b) evidence is admitted, but the failure to do so here did not rise to the level of plain error.  Cf. United States v. Cooper, 577 F.2d 1079, 1088 (6th Cir. 1978).

VI.

Although Johnson argues that a "willful blindness" instruction was inappropriate on the facts of this case, the record demonstrates that the district court delivered the instruction in response to the exculpatory testimony of defense witness Ferguson.  The instruction was not plain error.

Johnson also assigns error to the court's use of a "flight" instruction, which informs the jury that an accused's flight or resistance to arrest can be probative of consciousness of guilt.  "A flight instruction is proper when the evidence supports four inferences: 1) the defendant's conduct constituted flight; 2) the defendant's flight was the result of consciousness of guilt; 3) the defendant's guilt related to the crime with which he was charged; and, 4) the defendant felt guilty about the crime charged because he, in fact, committed the crime."  United States v. Murphy, 996 F.2d 94, 97 (1993).  Johnson claims the government has failed to establish the third prong of the test, because his guilt may have related to the crime of burglary rather than possession of a firearm.

Johnson is accused of possessing a firearm stolen from a residence.  In these circumstances, where the two crimes are intrinsically linked, consciousness of guilt relating to the burglary also implies consciousness of guilt linked to the possession of the guns.  It was not an abuse of discretion to include a "flight" instruction.

AFFIRMED.